Drake, Ch. J.,
delivered tbe opinion of tbe court:
On tbe 12tb of June, 1871, tbe claimant filed in tbis court a petition, wbicb was not verified as required by section 12 of tbe Act of March 3,1863 (12 Stat. L., 765), wbicb provided “That any petition filed under tbis act shall be verified by tbe affidavit of tbe claimant, bis agent or attorney, stating tbat no assignment or transfer of said claim, or any part thereof, or any interest therein, has been made, except as in said petition stated; tbat said claimant is justly entitled to tbe amount therein claimed *258 from tbe United States, after allowing all just credits and offsets, and tbat be believes tbe facts as stated in bis said petition are true.”
On tbe 30tb of March, 1878, tbe claimant moved tbe court for leave to ble an am ended petition, verified as required by section 1072 of tbe Revised Statutes.
At tbe bearing of tbat motion tbe Assistant Attorney-General filed a motion to dismiss the original petition, because it bad not been verified as required by the above-mentioned act.
In support of this motion it was urged tbat, because of tbe non-verification of tbe petition, tbe court never bad jurisdiction of tbe claim; tbat, as tbe cause of action sued on arose in tbe year I860, tbe claim is noto barred by tbe six years’ limitation contained in section 10 of said act; and tbat tbe court has therefore no authority to allow an amendment of tbe petition, but can do nothing but dismiss the suit for want of jurisdiction.
We are hot able to concur in this view, for tbe reasons now to be stated.
Tbe first section of tbe Act of February 21, 1855 (10 Stat. L., 612), establishing this court, conferred on it jurisdiction of claims of certain descriptions, “which might be suggested to it by a petition filed therein.” For tbe more than eight years tbat elapsed before tbe above-mentioned amendatory Act of March 3, 1883, was passed, it was only necessary, to give tbe court jurisdiction of a claim, to file a petition setting forth tbe matters designated in tbe first section of tbe Act of 1855 5 and no verification thereof was, during tbat period, required.
No act of Congress has been passed requiring anything more to invoke the jurisdiction of the court than tbe simple filing of a petition, averring facts showing a claim of some of tbe descriptions specified in tbat first section.
But since tbe passage of tbe Act of March 3,1863, tbe claimant has been required to verify tbe petition; and as tbat was not done in this case, it is contended, as before stated, tbat tbe court never bad jurisdiction of tbe claim.
If tbat act bad required tbe verification of tbe petition before or at tbe time of its being filed here, there would be a better foundation for tbat position; but it is wholly silent as to tbe time when tbe verification shall be made. Had tbe legislature deemed it important tbat tbe petition should, when filed, be verified, it woujd no doubt have so provided j and not having done *259 so, we are at liberty to presume that that was not considered material.
That tbe defendants might in this case have moved to dismiss the petition for want of verification cannot be doubted; but we should not have granted the motion without giving the claimant an opportunity to supply the defect.
Instead of making such a motion m limine, before pleading to the petition, as ought to have been done, the defendants filed a general traverse, and so waived the verification, so far as the representative of the Government here could waive it. After this, it is not fit that the claimant should be peremptorily put out of court, when he is ready to supply the defect in his pleadings.
Considering the court fully vested with jurisdiction when the petition was filed, and that the lack of a verification may be supplied, the motion to dismiss the petition must be overruled, and that of the claimant, to file an amended petition, allowed.