Drake, Ch. J.,
delivered the opinion of the court:
By the deficiency appropriation act of March 3,1883 (22 Stat. L., 585, ch. 141), it was thus enacted:
“ The Eastern Band of Cherokee Indians is hereby authorized to institute a suit in the Court of Claims against the United States to determine the rights of the said band in and to the moneys, stocks, and bonds held by the United States in trust for the Cherokee Indians, arising out of the sales of lands lying west of the Mississippi River, and also in a certain other fund, commonly called the permanent annuity fund, to which suit the Cherokee Nation, commonly called the Cherokee Nation West, shall be made a party defendant. The said Eastern Band shall within three months after the passage of this act file a petition in said court, verified by the principal chief of said band, setting forth the facts upon which said claim is based.”
On the 7th of March, 1883, a petition was filed in this court in the name of the Eastern Band of the Cherokee Indians against the Cherokee Nation of Indians and the United States, purporting on its face to be brought here under that provision.
Subjoined to that petition was the following affidavit, intended as a verification thereof:
“ District oe Columbia, ss ;
“Personally appeared before the undersigned, Belva A. Lockwood, attorney for the Eastern Band of North Carolina Cherokees, with authority, under seal, which said authority is herewith filed, who, being sworn in due form of law, deposes and says that she is persuaded from investigation and reports that the amount named in this suit is justly due to the petitioners from theWestern Cherokee Nation and the Uuited States, exclusive of all set-offs and just credits; that no portion of it has ever been paid to them by either party defendant. That to the best of her knowledge and belief no sale or transfer has over been made of this claim, or of any part thereof, except as shown in Exhibits Nos. 1, 2, and 3, filed in this cause; that the matters and things stated in this petition upon her per *37 sonal knowledge are trae, and those stated upon information and belief she believes to be true, and that the petitioners have ever borne true allegiance to the United States.
“Belva A. Lockwood.
“ Sworn and subscribed to before me this 7th day of March, A. D. 1883.
[seal.] “ Wm. H. Harrison,
u United States Commissioner.”
On behalf of the United States the Assistant Attorney-General moves to dismiss this suit for want of jurisdiction in the court to hear and determine it, because no petition verified as required by the act was filed within three months after the passage of said act.
At the hearing of argument on this motion it was made to appear that there is pending in this court another suit, purporting to be in favor of the same claimant against the same defendants, having in view the same ends, and brought under the same act as the suit in which this motion is made, and the parties to that suit sought to procure the dismissal of this, as a proceeding not authorized by the Eastern Band. To that question we can now give no attention, for the reason that, when a motion is before us involving simply the point of jurisdiction of the suit, we must decide in favor of our jurisdiction before we can take any cognizance of questions which can only be decided through an exercise of jurisdiction. Manifestly, if we have no jurisdiction of the suit we can have none of any of its incidents. Therefore all we have now to do under this motion is to resolve the question of jurisdiction presented by the motion.
That question relates simply to the verification of the petition._ If the petition is verified in compliance with the act the motion must be overruled, for the petition was filed within three months after the passage of the act; but if it is not so verified should the suit be dismissed ?
The answer to this question depends on the point whether a verification by “ the principal chief of said band ” is a jurisdictional requirement, or a mere, matter of pleading.
If it were the latter we should have no hesitation in sustaining a verification by an attoruey, under section 1072 of the Revised Statutes, which provides that “ the petition shall be verified by the affidavit of the claimant, his agent or attorney.”
*38 If it was the intention of Congress that the matter of verification of the petition in this case should be governed by that provision, it was only necessary for the act to have said nothing about verification, or to have simply said that the petition should be verified. In either of those cases the attorney would be considered as authorized to make the'affidavit of verification.
But when, with a knowledge of that general provision, the legislature neither remained silent in regard to verification nor declared simply that the petition should be verified, but enacted that it should be “ verified by the principal chief of said hand,” it seems to us quite clear that that provision was intended to take the place of the general law in this case, and to make a verification by that man the only one that should authorize us to take jurisdiction of a suit by that band. For it may be laid down as an accepted proposition, that' when the law requires a particular act to be done by a particular person, and does not authorize it to be done by any one else, it can be done .by no other than the person designated.
Very especially would this ruleseem applicable in the case of a judicial proceeding in favor of a band of Indians, consisting, as alleged in the petition in this case, of 2,000 to 3,000 persons, scattered over a wide extent of country, having no corporate capacity through which an attorney could be appointed, and, therefore, as a band, incapable of nominating and appointing an attorney.
But the United States had, many times, in treaties, recognized the principal chief of the Gherokees as the head of the Nation 5 and in the act authorizing this suit Congress saw fit to indicate “the principal chief of the Eastern Band’7 as the person whose verification should entitle that band to a hearing in this court. We have no authority to disregard that legislative indication, but must hold that a petition filed here without a verification by that chief is a petition of which we cannot take cognizance.
Merely to guard against misapprehension we deem it proper to say, that the position we have now taken does not at all conflict with that which we took in Griffin’s Case (13 C. Cls., 257). There the question was whether a petition under the ^general jurisdiction of the court should be dismissed because it was not verified at the time it was filed, though the claim *39 ant was ready and offered to file' a duly verified petition when the motion to dismiss was heard. We held that the law did not require the petition to be verified at the time it was filed, and that a subsequent verification was sufficient.
The pending motion to dismiss the petition for want of jurisdiction in the court to entertain it is sustained.
Weldon, J., had not taken his seat when this motion was heard, and took no part in the decision.