Nott, J.,
delivered the opinion of the court:
This case does not involve a large amount, but presents two questions of importance — one of jurisdiction, the other of practice. It has been elaborately argued, counsel in other cases — -not now before the court, but dependent upon the questions now decided — having been heard.
*323 The first question is whether two great and warlike tribes— the Kiowas and Comanches — were in amity with the United States during a period extending from the beginning of 1866 to the end of 1875. The question is complex, involving not only an ascertainment of the historic facts, but also the judicial determination whether those facts, when ascertained, constitute belligerency or amity.
The court may hereafter, in some other case, set forth the circumstances involved and the reasons which lead to its conclusions, but in the present case and at the present time it is sufficient only to declare the latter.
The conclusions of the court are these:
1. The Kiowas and Comanehes were in amity durirng the years 1866,1867, and until the 22d September, 1868.
2. A state of belligerency began, during which the tribes were not in amity, on the 22d September, 1868, and continued until the 1st March, 1869.
3. The tribes were then in amity from the 1st March, 1869, <md during the years 1870, 1871, 1872, 1873, and until the 1st June, 1874.
4. A state of belligerency, during which the tribes were not in amity, began on the 1st June, 1874, and ended on the 1st June, 1875.
5. The tribes were in amity during the remainder of the year 1875.
The second question presented by the case is, whether this jurisdictional condition of amity can be determined before a trial upon the merits.
In courts of the common law an issue going to the jurisdiction of the court must be raised by demurrer or plea, and the plea to the jurisdiction must be filed in due time and the issue must he tried and determined before the general issue, or a plea going to the merits. A defect of jurisdiction when it appears can always be taken advantage of, for a court can not render a judgment if it be without authority, and jurisdiction of the subject-matter can not be conferred by consent; but where a plaintiff sets up all needed jurisdictional facts in his declaration and presents upon the record a perfect condition of jurisdiction, the defendant, if he would controvert those- allegations by evidence, must plead to the jurisdiction.
In this court it has been held “ that when a motion is before *324 us involving simply tlie point of jurisdiction of tbe suit, we must decide in favor of our jurisdiction before we can take any cognizance of questions wbicli can only be decided through an exercise of jurisdiction. Manifestly, if we have no jurisdiction of the suit we can have none of its incidents.” (19 C. Cls. R., 35, 37.)
An analogous practice is also prescribed in certain Congressional cases by the Bowman Act, whereby loyalty is made a jurisdictional fact, and it is expressly required that that issue shall be determined by what is termed a “preliminary inquiry.” In these Indian depredation cases no such formal distinction is made, either by statute or by the rules of the court, and for convenience of parties and the expedition of cases a general traverse, entered as of course by the clerk, is treated as sufficient to put in issue the jurisdictional averments of amity and citizenship. Ordinarily, this practice is a convenience and. economy to parties; occasionally it may work great inconvenience and cause needless expense.
The court is of the opinion that in analogy with the practice and long-established usage of common-law courts neither, a. claimant nor the defendants should be compelled to meet the trial of an issue going to the merits, if in due time they ask a severance of issues and .that the jurisdictional issues be tried and determined first. In this case such a request was made at the hearing by the claimant. It would have been better if it had been made at an earlier day and before the defendants had been put to the expense and trouble of cross-examining witnesses who were called to testify to the merits. It is not intended by this decision to withdraw what was said in the recent case of King — that courts will not permit parties to experiment in the submission and trial of cases. It must be understood that where a claimant has taken testimony going to the merits, and then submits his case, it will not be remanded. But in view of the fact that.the prescribed practice does not provide specifically for a severance of these issues, and that the question is a new one, the order of the court is. that a finding of the jurisdictional facts of amity and citizenship be filed as a part of the record, and that the case be remanded to the general docket, with leave to both parties to take further evidence upon the merits.