Nott, J.,
delivered the opinion of the court:
This suit is brought against the United States and the Apache Indians. It should have been brought against the United States and the Navajoes. The error was an oversight of the attorney, for it appeared on the face of the evidence in the Department of the Interior that the alleged depredation was committed by the Navajoes and not by the Apaches. The suit was brought eighteen months before it would have been barred by the jurisdictional clause of the statute, but the misjoinder of parties was not set up by the defendants until after the jurisdictional period for bringing such suits had expired. The legal question now presented is whether the court has power to bring in the right Indian defendants by amendment.
The liberal practice allowed in this court frequently leads to laxity, and sometimes to complexity. In the present case the initial fault was the claimant’s, and the defendants now contend that the mistake of his attorney is fatal and the laches entirely on the part of the. other party.
Tested by the practice of courts of the common law, both parties are in fault. There a defendant would have had to file his plea of misjoinder or nonjoinder of parties at the threshold of the litigation, and the plaintiff would have then discontinued and brought a second action against the right defendants. Here the defendants pleaded the general issue *356 and raised tbe objection after it was too late for tbe claimant-to bring a second suit. They now say tbat be can not recover against tbe United States because there is no liability established on the part of the Indian defendants, and that he can not bring- in the responsible Indian defendants because they are not liable to suit after the jurisdictional period for bringing such actions has expired. The objection is technical, but nevertheless the question is important, being whether tbe court has power to dismiss the petition against the Apaches- and bring in the Indian defendants who appear to have committed the depredations, now, when a new suit could not be brought against them.
The Attorney-General is connected with this case in three distinct capacities. First, he is the lawyer of the defendants, the United States ; second, he is the lawyer of the Apache-Indians, who have been erroneously joined; third, he is the lawyer of the Navajoes, who should have been joinéd with the United States as defendants, but were not. As attorney for the United States, it is his duty to insist on a responsible Indian defendant being a party to the suit; as attorney for the Apaches, it is his duty to assert their defense and have the-case dismissed as against them; as attorney for the Navajoes, it is his duty to oppose their being brought into court by an-amendment, when confessedly they could not be brought in by a new action. This last position we have termed technical, because, as a matter of fact, the attorney for the Navajoes, the Attorney-General, has been in court from the beginning of the litigation, and they have lost nothing by the delay, their defense having been just as effectively looked after as if they had been parties on the record.
The statutory provisions relating to these Indian depredation cases are complex, and unite as many different and diverse-- and conflicting interests and questions in one suit as were probably ever brought together in an action at law. The United-States are liable only as guarantors for Indians who are parties to the record or for Indians who are unknown. (Woolverton’s Case, 29 C. Cls. R., 107.) The Indian defendants may u appear and defend by an attorney” of their own choosing, but will always be represented, and, if need be, defended, by the Attorney-General. (Section 4.) The bringing of the action is not by service upon the primary defendants, the *357 Indians, but by service of tbe petition upon tbe Attorney-General (sec. 4), and it is not necessary to serve notice of tbe ¡action upon tbe Indian defendants. (Jaeger Case, 27 id., 278.) The petition is to set forth tbe persons, tribe, or band of Indians wbo committed tbe depredation, “as near as maybe.” (Sec. 3.) Tbe court is to determine, “if possible, tbe tribe of Indians or other persons by whom tbe wrong was committed, and shall render judgment in favor of tbe claimant against tbe United States, and against tbe tribe of Indians committing tbe wrong, when such can be identified.” (Sec. 5.) Tbe “judgment so rendered against any tribe of Indians shall be charged against tbe tribe by which, or by members of which, tbe court shall find that tbe depredation was committed,” and deducted from moneys due them (sec. 6): but judgment against a tribe is not a necessary condition to judgment against tbe United States. (Gorham’s Case, 29 C. Cls. R., 97.) Finally, “all claims existing at tbe time of tbe taking effect of this act shall be presented to tbe court by petition, as hereinafter provided, within three years after tbe passage hereof, or shall be thereafter forever barred.” (Sec. 2.) Tbe manner prescribed by the next section for presenting tbe claim by petition is that tbe petition shall be filed with tbe clerk of the court.
The position taken by tbe Attorney-General, as has been said, is, first, that tbe Apaches did not commit tbe depredation; second, that the Navajoes can not now be brought in; third, that judgment can not be rendered against tbe United States unless it be at tbe same time rendered against tbe tribe which appears to be responsible for tbe depredation.
But tbe statute, in tbe opinion of tbe court, hardly sustains this position. The statute does not in terms make an Indian tribe a necessary defendant. All that it requires in terms is that the petition shall set forth “tbe facts upon which suck claims are based, tbe persons, classes of persons, tribe or tribes, or band of Indians by whom tbe alleged illegal acts were committed, as near as may be, tbe property lost or destroyed, and tbe value thereof, and any other facts connected with the transaction and material to tbe proper adjudication of tbe case involved.” (Sec. 3.) Then follow other provisions in tbe same section relating to tbe verification of tbe petition, the filing-, tbe name and residence of the claimant, tbe damage sought to be recovered, etc. It is manifest that tbe general purpose *358 of this sectiou is to secure a declaration setting up every known fact which may be of benefit to the defendants, the United States, and facilitate their defense. Instead of a formal requirement that every suit shall be ab initio against the proper Indian tribe, the court must gather by implication the statutory intent that an Indian tribe known to be responsible for a depredation is a necessary party defendant in a suit against the United States. And instead of the expressed requirement that the proper Indian defendant shall be named in the petition, it is merely prescribed that the persons, the tribe, or the band by whom the depredations were committed shall be set forth “ as near as may be.” (Sec. 3.)
It is not until we turn over to the provisions regulating judgments (secs. 5, 6) that we find that the Indian tribes have the responsibilities cast upon them of parties defendant; the responsibility of having final judgments at law rendered against them and the responsibility of being compelled to satisfy them; and it is only when we refer to another provision of the statute (sec. 4) that we find “that any Indian or Indians interested in the proceeding” may exercise the rights of ordinary litigants, that of appearing and defending by their own counsel.
When we recur to the statutory provision which fixes the jurisdictional period within which petitions must be filed, i. e., suits brought, we do not find anything that directly relates to the Indian defendants. The statute simply says that “all claims” must be “presented to the court by petition, as hereinafter provided, within three years;” and the next section shows that what are termed “claims” are damages sought to be recovered for illegal acts committed by Indians, and that the Indians known or supposed to have committed them shall be described “as near as may be.”
It is manifest that a claim is filed so as not to be barred by the statute when a petition is filed. A petition is both process (Cherokee Indians, 19 C. Cls. R., 35) and declaration (Parker’s Case, 26 id., 344, 369). A mistake or error in a petition, considered as a declaration, does not nullify it as a process; it may be verified subsequently to its filing. (Griffin’s Case, 13 id., 257; Cherokee Indians, 19 id., 35.) Litigants in this court, as in other courts of the United States, are entitled to the benefits of the statute of jeofailes (The Judiciary Act, 1789,1 Stat. *359 L., p. 91, sec. 32; Rev. Stat., sec. 954), which declares that “ no summons, writ, declaration, return, process, judgment, or other proceedings in civil causes in any court of the United States shall be abated, arrested, quashed, or reversed for any defect or want of form; but such courts shall proceed and give judgment according as the right of the cause and matter in law shall ax^pear to it.” (Molina’s Case, 6 id., 269; Mrs. Thomas’s Motion, 15 id., 335; Parker’s Case, 26 id., 369.) The provision in the second section of the Indian depredation act refers to the xoetition as ptrocess; the provisions in the third refer to it as a declaration. Consequently, a defect in any matter required by section 3 may be a matter of amendment; and a strict comidiance with the requirements of section 3 can not be regarded as conditional to jurisdiction.
More than twenty-five years ago, when dealing with a similar jurisdictional period for bringing suits prescribed by another statute, this court said:
<£In both of these cases the claimants, being infants and residents of Mississippi, brought their respective actions, by their guardians, to recover the net proceeds of captured cotton, under the i Abandoned or captured property act.’ The petition in each case was filed the 31st March, 1868, and within the two years prescribed by the act. The defendants raised no objection to the form of the action, nor to the right of the claimants to recover as heirs of the oumers of the captured property, until the 10th June, 1869 — that is to say, until after the period for bringing such actions had expired, when they filed their pleas in abatement, in the nature of a demurrer, because the actions should have been by and in the name of an executor or administrator. The claimants noto acknowledge their error and ask for leave to join the respective administrators as coclaimants. * * *
“The Abandoned or captured property act’ is imperative that the owner shall prefer his claim in this court within two years after the suppression of the rebellion. The object of the statute was to secure all claims being presented within this fixed and definite period. It seems to us that the object of the statute was substantially attained if the real parties in interest notified the Government by suit brought within the proper time of their interest in these particular proceeds in the Treasury, and that it is of little consequence whether the suit was commenced by the right or the wrong representative, so long as it was brought for the party really entitled to receive the net proceeds, and so long as the interest represented remains unchanged.”' (The Cowan Infants’ Case, 5 C. Cls. R., 107.)
On the one hand, there are striking similarities in the above case and the one now before- the court. Both actions were *360 brought within a fixed jurisdictional period; the defendants raised no objection until after the jurisdictional period had expired; the mistake was one of parties. On the other hand, there are two differences which are radical: The mistake in the former case was one of law; in the present, one of fact. In the former, the right defendants were sued within the prescribed time; in the latter, they have not been brought within the jurisdiction of the court. The Cowan Case is cited now merely as a declaration of the principle that where suits must be brought within a fixed jurisdictional period the court will not allow a meritorious cause of action to fail because of a mistake of parties or attorneys if it can be saved by amendment. This principle, so declared in the abandoned or captured property cases, was never departed from and was never disapproved by the Supreme Court. [See Mrs. Thomas’s Motion (15 C. Cls. R., 335), where it was carried still further in application, and where all the cases are cited and reviewed.]
As to the Indian depredation act, the conclusion of the court is this: The purpose of the statute was that a suit should be brought within three years; that the cause of action should be definitely described, so that the defendants should be apprised of what the claim is, of the place where it originated, of what the property destroyed consisted, and by whom the depredation was committed, “as near as maybe;” and that when a suit is so brought and its cause of action so defined, the case is subject to all the powers of amendment which a court can exercise in other actions in furtherance of justice.
In the present case, the power of the court is exercised on behalf of the claimant. But it may also be a matter of right to the United States in this field of litigation to have the responsible Indian defendant tribe brought in in any case, and at any time before judgment. The law does not impose an impossibility upon any party, and under the statute it may be absolutely impossible for either claimant or defendants to make the right tribe a party when the suit is begun. If the claimant sets forth, under the clause “ as near as may be,” such facts and circumstances as will put the United States upon inquiry, he does all in such a case that he can do, and, confessedly, all that the statute requires. In the course of time 'the statute bars such a case; but in the course of subsequent investigation, or perhaps in the investigation of other cases, the Attorney-General discovers the identity of the unknown Indians, *361 tbe offending and responsible tribé. If tbe court can not bring that tribe in then, what is to be done? The statute is imperative that the court shall render judgment “ against the tribe of Indians committing the wrong, when such can be identified.” It is also imperative that any “Indians interested in the pro. ceedings may appear and defend ” by their own attorney. If the tribe can not be brought in, how can judgment be rendered against it?
It follows, in the opinion of the court, that in the interpretation of the statute full effect must be given to this mandatory provision; that by necessary implication it invests the court with power to bring in the responsible Indian defendants in any case and at any time before judgment; and that tin's power should be exercised in furtherance of justice, whether on behalf of claimants or defendants.
It appearing that the Navajo tribe of Indians is a necessary party to the case, and that the Apache tribe has been improperly joined as party defendant, the order of the court is that the petition be dismissed as against the defendants, the Apache Indians, and that the case be remanded to the general docket, with leave to the claimant to amend his petition by making the Navajo Indians parties defendant in the case.