Nott, J.,
delivered the opinion of the court:
The first depredation set up in this case was committed at Bridges Ferry, on the North Platte, on the route from Fort Laramie to Fort Phil Kearney, in the spring of 1867, by Indians of the Sioux tribe. The Indians who committed the depredation were not then with their tribe, then at war with the United States. Personally, it is insisted, they should be regarded as thieves and not as belligerents. Assuming that this was the fact, the question presented is whether the Oga-lalla band of the Sioux tribe, then at war with the United States, can be made to pay for such depredations.
The court is of the opinion that the defendant Indians can not be held responsible. Neither under the principles of international law nor under the statutes relating to Indian depredations does such a liability arise. A foreign nation at war with the United States would not be deemed responsible for the crimes of its citizens residing within the United States. The purpose of the Indian depredation acts from 1796 to 1891 has uniformly been to maintain peace between the United States and the Indian tribes, and not to assume a liability for every individual crime committed by every Indian. Whenever amity ceased and war began, the purpose of the Indian indemnity statutes was at an end. It then became immaterial whether a depredation was committed by an Indian upon the property of a white man or by a white man upon the property of an Indian. The Government assumed responsibility for the offenses of neither. (Love’s Case, 29 C. Cls. R., 332.) It must therefore be held that the court is without jurisdiction as to this depredation and that no liability on the part of the Government exists.
The second depredation set up in the petition is for the seizure of three horses in the year 1873. The only evidence to sustain this claim is the testimony of one witness, the claimant’s son; and he only shows that the horses were stolen in the nighttime •, that he followed their trail and saw a footprint made by a moccasin and otherwise indicative of its being an Indian’s. The testimony is wholly unsupported by other evidence, circumstantial or positive. The court is of the *70 opinion that it is insufficient to establish the fact that the taking of the property was by Indians.
The third depredation set up is the taking and destruction of property in July, 1870, near Fort Eobinson, Nebr. In the petition this is alleged to' have been done by “ the Sioux Indians; ” in the request for findings of fact it is said to have been done “by the Cheyenne or other bands of the Sioux tribe;” in the evidence the indications are that the depre-dators were Cheyennes. It is urged in the argument for claimant that they have become by treaty and by the acts of the United States a band of the Sioux tribe.
The court is of the opinion that if the Cheyennes were a distinct tribe, there is a variance in alleging that the depredation was committed by Sioux Indians and the proof that it was committed by Cheyennes. (Woolverton’s Case, 29 C. Cls. R., 107.) The courtis also of the opinion that if these Cheyennes were an integral part of the Sioux tribe, they were not then, so far as the evidence discloses, in amity with the United States.
Upon the question whether the Cheyennes had for legal purposes ceased to be Cheyennes and become Sioux, so that they can be described in a petition as Sioux, and the united tribes, if they have been united, be held responsible for the individual crimes of the Cheyennes, the court is of the opinion that the Cheyennes had not lost their tribal identity and that a judgment can not be rendered against the Sioux tribe for their acts.
But inasmuch as the evidence indicates that the depredation was committed by Cheyennes, the claimant may amend his petition under the decision in Duran’s Case (31 C. Cls. R., 353) by making the Cheyennes parties to the suit. The amended petition will show whether the depredation was by Northern or Southern Cheyennes. Upon the jurisdictional question whether the Cheyennes who committed the depredation, if it was committed by them, were in amity the court expresses no opinion.
The order of the court is that the claimant have leave to amend his petition by bringing in the Indians who committed the third depredation as parties defendant within thirty days, and that in the meantime proceedings in the case be suspended. If the petition be not so amended, leave is given to the defendants to move for judgment without further notice.