Nott, Ch. J.,
dissenting:
The petition in this case was verified and filed by the attorney. Shortly before the filing the claimant had died. His’ administrator now moves to be substituted as claimant and allowed to prosecute as administrator. The jurisdictional period prescribed for the bringing of suits by the Indian depredation act has expired, and if the present application can not be granted the successors in interest of the deceased claimant are without remedy.
The one jurisdictional condition imposed by the statute (sec. 2) is that “all claims shall be presented to the court by petition, as hereinafter provided, within three years.” That jurisdictional condition has been complied with in this case. The claim was presented to the court by petition on the 5th December, 1891; the petition complied, in essential particulars, with all the requirements of the third section; it had been verified; it informed the defendants of all the particulars that it was needful for them to know; it’would have con *93 tained no more if the claimant had lived, and it lost none because he died.
When the petition in this case was filed on the 5th day of December, 1891, some person had the right to file it. That person was either the original claimant or his executor or administrator or widow or next of kin. - When the petition was filed within the jurisdictional period the jurisdictional requisite of the statute was complied with. The statute does not say that a suit shall be brought, that the proper writ shall be sued out in the name of the proper party, or that any common-law requisite to the bringing of suits shall be required. All that it says is that such claims “ shall be presented to the court by petition, as hereinafter provided, within three years after the passage thereof” (sec. 2). The “hereinafter provided ” refers to the third section, which prescribes the form and requisites of a petition and relates to procedure and not to jurisdiction. All of the requisites therein prescribed unquestionably come within the realm of amendment and have been subjects of amendment' since this class of cases came into the court. (Duran v. Apaches, 31 C. Cls. R., 353.)
The petition, sotting forth every particular required by the statute, having been filed within the jurisdictional period, the claimants have not lost the right of action granted to them by the statute. The petition having been filed in good faith by an attorney of this court under an authority from the claimant, who had filed this claim antecedent^ in the Interior Department, it is perfectly proper for' the court to consider the petition as having been filed on that da}»' by the attorney for and on behalf of the party in interest who, on that day, had a right to file it; and it is fully within the province of the court’s discretion to allow that party to come in and ratify the act and adopt the petition with needful amendments.
This is not the case of á new claim; of a new cause of action; of a new party. The claim is the same; the cause of action is unchanged; the party is but the legal representative of the party to whom the statute gave a right of action. This representative had a right on the da}r when the petition was filed either to adopt it or to file a new petition; and his admission to the case now is not to bring in a new party or a new claim, but is nothing more than allowing his appearance to relate *94 back to the day when a perfectly good petition was filed, which brought the claim into the court within the jurisdictional period.
The petition in cases coming within the general jurisdiction of this court is dual in its character. It. is both the writ by which the defendants are brought into court and the declaration in which a plaintiff sets forth his cause of action. In these jurisdictional cases it does one thing more; it notifies the defendants, within a prescribed period, of the existence of a cause of action of the class’ contemplated by the statute. (Duran v. Apaches, 31 C. Cls. R.., 353; Davenport v. Kiowas and Comanches, id., 430.)
A statute as old as the Government declares that “ no summons, writ, declaration, return, process, judgment, or other proceedings in civil causes, in any court of the United States, shall be abated, arrested, quashed, or reversed for any defect or want of form,” and that “when hither of the parties, whether plaintiff, or petitioner, or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, prosecute or defend any such suit to final judgment.” (Chap. 20, acts 1789, 1 Stat. L., 91; Eev. Stat., secs. 954, 955.) . ■
Of this statute the Supreme Court has said, in Tilton v. Cofield (93 U. S., 163, 166):
“Allowing amendments is incidental to the exercise of all judicial power, and is indispensable to the ends of justice.”
The question in such cases as this should be, Is the amendment indispensable to the ends of justice? If it is not, it should be refused; if it is, it should be allowed.
Accordingly, this court has always been liberal in allowing amendments and in bringing in or substituting parties in these classes of cases, such as those under the abandoned and captured property act, the French spoliation act, and the Indian depredation act, holding that the legislative intent was that a party entitled to relief should, if possible, be deemed entitled to a trial upon the merits. (Mrs. Thomas’s Motion, 15 C. Cls. R., 335.) Many such cases have gone to the Supreme Court and none has ever been reversed. A notable instance *95 was that of the Elgee Cotton Cases, where the children, having no right of action, instituted the suit but the executrix of the deceased owner was allowed to come in and intervene in their suit after the jurisdictional period had expired, and where the Supreme Court, reversing in part the judgment of this court, awarded judgment in favor of the executrix for $366,170.83. (Heirs of Elgee, 7 C. Cls. R., 605; Elgee Cotton Cases, 22 Wall. R.., 180.)
The only reason for defeating justice by precluding the legal representatives from prosecuting the case when otherwise it is beyond the hope of judicial redress is the dogmatic ruling of the common-law judges that a suit can not be instituted by a dead man, and that where the decedent died between the suing out and the serving of the writ the administrator must begin again. If the administrator only could begin again in this case, the dogma would not be so obnoxious to justice. The common-law judges might just as easily have said that the writ could be amended as to have said that the administrator must begin again. Because they did not say so in a common-law action, where a defendant was liable to be seized and brought into court and imprisoned for debt, is no reason why this court should not say so in a different kind of suit, where the administrator can not begin again and where the defendants have consented to be sued.
But this case does not come within the reason of the common-law rule. A jurisdictional period within which an action must be brought is something which was utterly unknown to the common law. The common-law courts were practically local jurisdictions, trials being held in the vicinage of the defendant. A trial, moreover, was an inconvenience both to the parties and to the public, jurors receiving no compensation for their services and witnesses no fees for attending and testifying. Accordingly, common-law courts- held plaintiffs to a strict accountability, upon the theory that to grant amendments was to encourage negligence. Furthermore, statutes of limitation being unknown to the common law, and the plaintiff being at liberty to withdraw from the bar of the court at any time before the jury left the box, he was free to bring his action over again in proper form under the penalty of paying costs. In cases of the kind now before the court we can not go to *96 the common-law courts for rules and principles, but should direct our action exclusively by what we believe to be the intent and will of the legislative power.
As regards the nonjoinder and misjoinder of parties, the courts of the common law have also been generally strict in exacting exactitude on the part of plaintiffs; but where a cause of action would be lost by operation of the statute of limitations courts of the common law have been liberal in allowing a change of parties. In Brown v. Fullerton (13 Mees. & Weis., 556) the court of exchequer allowed the writ and all subsequent proceedings to he amended bj1- adding the name of the official assignee in bankruptcy as another plaintiff, because ‘ ‘ it appeared that if the amendment were not made the 'statute of limitations would he a har to the recovery of the debt for which the action was brought.” In another English case, Carne v. Malins (6 L. & Eq., 568), the same court, and for the same reason, allowed the plaintiffs to amend the writ by adding as plaintiffs the names of eight new parties, these new parties being in fact copartners in trade with those in whose name the suit original^ stood.
These jurisdictional cases being sui generis, require rules of procedure which will be properly applicable to them, if .not to other cases. When the petition in this case was filed on the 5 th day of December, 1891, some, person had the right to file it. The legal representatives of th'e deceased claimant had that right, or, in the absence of a legal representative — as is now well settled — any person having a direct beneficial interest therein might have filed it. If a wife or child had filed it, the legal representatives, when appointed, might have come in and been substituted as claimants. The fact of the words “administrator of” being prefixed to the claimant’s name in the title, or the words “wife” or “children” of the deceased claimant, would not have aided the defendants in the investigation of the case or in any defense which they might see fit to make. Therefore that omission should be corrected now. Where a claim was brought into court within the jurisdictional period by a petition properly describing it and correct^ giving the name of the part}'' who suffered, the petition should be regarded as having been filed by or on behalf of the party who, on the same day, was entitled to file qt; and he should *97 be allowed to come in and adopt it and amend it, and by means of it prosecute the case. Less than this will defeat the purpose of Congress, which was, that such claims might be prosecuted and determined upon the merits, if the Government was duly notified of the existence of the claim within the period specified by the statute.
a cases has been sent into this court for judicial redress there can not be a supposition more derogatory to the dignity of Congress than to suppose that it was the legislative intent that the rules and technicalities and refinements which once often defeated justice in courts of the common law shall be used to defeat justice in the exceptional case of an occasional individual claimant. Such a case is now before the court, and the question to be determined is simply this, Shall the court go out of its way to invoke, not the common law, but analogies drawn from the common law, to the end that it may deny to this party the right of action which the statute assures .to all of a defined class of claimants? I am of the opinion that it should not.
Wright, J., had not been appointed when this case was tried and took no part in the decision.