**MARZALL, Commissioner of Patents v. LIBBY, McNEILL & LIBBY.**

**No. 10753.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 16, 1951.

Decided March 29, 1951.

Joseph Schimmel, United States Patent Office, Washington, D. C., with whom Mr. E. L. Reynolds, Solicitor, United States Patent Office, Washington, D. C., was on the brief, for appellant.

Francis C. Browne, Washington, D. C., with whom Mr. Nelson J. Jewett, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, PROCTOR, and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

This case relates to the refusal of the Patent Office to institute certain trademark opposition proceedings, on the ground that the statutory fee was not paid within the permitted time.

On November 15, 1949, there was officially published an application by the F. A. Gosse Company for a certain trade-mark. On December 15, 1949 (i. e., within the following 30 days), the Libby Company filed with the Patent Office a paper entitled "Notice of Opposition," protesting the Gosse application, accompanied by a check for $15.00. The document was not verified. On December 23, 1949, after having been notified by the Commissioner that the proper fee was $25.00, the Libby Company sent a check to the Patent Office in the amount of $10.00. On January 14, 1950, it filed a verified notice of opposition, the substance of which was the same as the paper previously filed. The Commissioner of Patents, on January 30, 1950, made a final refusal to institute the opposition proceedings, and ordered the Gosse application to be passed to issue.

The Libby Company thereupon brought suit in the United States District Court for the District of Columbia, seeking a mandatory injunction directing the Commissioner to accept the fee paid and allow the opposition proceedings to go forward. Motions for summary judgment were made by both parties. The District Court granted the plaintiff's motion, and this appeal followed.

The governing statute is the Trade-Mark Act of 1946, which provides in sections 13 and 31:

"13. Any person who believes that he would be damaged by the registration of a mark upon the principal register may, upon payment of the required fee, file a verified notice of opposition in the Patent Office, stating the grounds therefor, within thirty days after the publication under subsection (a) of section 12 of this Act of the mark sought to be registered. For good cause shown, the time for filing notice of opposition may be extended by the Commissioner, who shall notify the applicant. An unverified opposition may be filed by a duly authorized attorney, but such opposition shall be null and void unless verified by the opposer within a reasonable time after such filing to be fixed by the Commissioner. (15 U.S.C.A. § 1063)

\* \* \* \* \* \*

"31. The following fees shall be paid to the Patent Office under this Act:

'\* \* \*; on filing notice of opposition or application for cancelation, $25; \* \* \*.'" (15 U.S.C.A. § 1113)

The Commissioner's brief contends that the statute requires that the "opposer must

present his notice of opposition, be it verified or unverified, within the 30-day period specifically set forth, and * * * that notice, be it verified or unverified, must be accompanied by the full fee specified in Section 31 of the Act." (Br.7). The plaintiff contends that the only notice of opposition which is effective under the statute is the verified notice which must ultimately be filed, and that the fee is not due until an effective notice, i. e., a verified notice, is filed.

There is no doubt that the primary pattern envisaged by the statute was that notices of opposition should be filed within 30 days of publication of the trade-mark application; that such notices should be verified; and that a fee of $25.00 should be paid. There can also be no doubt that the prompt collection of fees is a duty resting on the Commissioner, and that the courts should not be hasty in taking any step which might thwart him in the performance of that task. But to say that much and no more will not decide this case.

Section 13 reposes a large measure of discretion in the Commissioner. He may extend the time for filing notice of opposition in a particular case. This would seem to indicate that he also has authority to extend the time for payment of the fee; the statute could hardly mean that the opposer must always pay the fee within 30 days even though the Commissioner has granted him some longer period within which to file the notice of opposition. In addition, the Commissioner is authorized to fix a time (a "reasonable" time) within which an unverified opposition may be verified; if not verified within the time so fixed, the opposition "shall be null and void".

We cannot, therefore, conclude that section 13 imposes an ironclad and invariable "jurisdictional" [1] rule that every notice of opposition, verified or unverified, must carry with it a fee of $25.00, paid within the original 30-day period after the publication of the protested trade-mark. Un-

der the Act, the Patent Office issued and published Rules of Practice, 15 U.S.C.A. Appendix. None by their terms covered the question of the time when a fee must be paid in respect of an unverified notice. But two rules are pertinent:

"1. Rule 20.1.—Any person who believes that he would be damaged by the registration of a mark upon the Principal Register may, upon payment of the required fee, oppose the same by filing a verified notice of opposition in the Patent Office within thirty days after the publication (Rule 15.1) of the mark sought to be registered. * * *

"2. Rule 20.3.—An unverified notice of opposition may be filed by a duly authorized attorney, but such opposition will be null and void unless verified by the opposer within thirty days after such filing, or within such further time after such filing as may be fixed by the Commissioner upon request made before the expiration of said thirty days."

Under these Rules, there was no clear indication to the public regarding the time when a fee should be paid in connection with the filing of an *unverified* notice. Rule 20.1, which alone specifically refers to fees, applies only to verified notices. By Rule 20.3 the Commissioner has extended the time for filing a verified notice by 30 days if an unverified notice is first filed. Certainly, in view of the fact that under the statute only a verified notice was effective, plaintiff's construction of the statute and Rules as requiring only that the fee be paid at the time of filing a verified notice was not unreasonable. Nothing in the published Rules or the statute contradicted it explicitly or by clear implication.

This court has no desire to prevent the Patent Office from taking any steps within its statutory authority which it may deem necessary or desirable to enforce the prompt collection of fees, including the promulgation of any lawful rule.

1. Compare Weaver v. Blair, 3 Cir., 19 F. 2d 16; Reliance Mfg. Co. v. Blair, 7 Cir., 19 F.2d 789; Turkett v. United States, D.C., 76 F.Supp. 769; Griffin v. United States, 13 Ct.Cl. 257; Eastern Band of Cherokee Indians v. Cherokee Nation West and United States, 19 Ct.Cl. 35.

The obligation placed on the Commissioner to collect the sums prescribed by law must be taken seriously not only by him but by those who wish to obtain the benefit of the patent and trademark laws. But in the circumstances of the present case we consider that the plaintiff is entitled to relief. It filed its notice on a timely basis; it relied, in the absence of a clear published rule, on a reasonable construction of the statute and regulations; it paid the full fee of $25.00 as soon as notification was given [2] (none of this, by the way, has been refunded to it); it verified the opposition within the time limit set by the statute and Rules. Under the statute, the Commissioner would have power to rule that these steps properly commenced the opposition proceeding. We consider that he should have so ruled. Technicalities should not override equities in the absence of a clear warning that a particular procedure must be followed.[3] If the Commissioner desires to avoid this result in future cases, clarification by him of the Rules of the Patent Office would seem to be a suitable first step.

The judgment of the District Court is therefore affirmed.

2. The Commissioner's letter of December 21, 1949, which was plaintiff's first communication from him in this matter, said:
"Opposer: Libby, McNeill & Libby.
"Opposition No. 29093
"Applicant: F. A. Gosse Company
"Serial No. 567,575
"The above identified opposition was filed on December 15, 1949.
"The opposition is informal because the statutory fee (Section 31) of $25.00 is not included (Rule 2.1). Such fee should be received within the thirty days allowed by statute from the date of publication of the trade-mark opposed. Partial fee of $15.00 was received with informal opposition."
This letter is, to say the least, ambiguous. Plaintiff treated it as an invitation (if not a demand), and paid the additional $10. Further, the letter assigns a number to the opposition proceedings—an indication, perhaps, that they were officially regarded as having been commenced.

3. It may be noted that the Administrative Procedure Act requires Government agencies to publish in the Federal Register descriptions of their organization, procedure, and rules, adding: "No person shall in any manner be required to resort to organization or procedure not so published." Act of June 11, 1946, § 3, 60 Stat. 238, 5 U.S.C.A. § 1002. See Attorney General's Manual on the Administrative Procedure Act, pp. 17–22 (1947).