**COLGATE–PALMOLIVE COMPANY, Plaintiff,**

v.

**Edward J. BRENNER, Commissioner of Patents, Defendant.**

United States District Court
S. D. New York.

Dec. 13, 1965.

Walter I. Seligsohn, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., New York City, David E. Montgomery, Asst. U. S. Atty., of counsel, for defendant.

COOPER, District Judge.

This motion seeks summary judgment pursuant to Rule 56, F.R.Civ.P. There being no material issue of fact in dispute, the defendant by way of cross-relief also seeks summary judgment.

The jurisdiction of the Court is invoked on several grounds: 28 U.S.C. §§ 1361, 2201, 1338, and 5 U.S.C. § 1009.

■ By decision of June 9, 1965 the Commissioner of Patents (hereinafter "the Commissioner") denied plaintiff's petition requesting that the Trademark Trial and Appeal Board be directed to proceed with the Opposition to the mark of application serial No. 201,514 in both Classes 51 and 52, or, in the alternative, the Commissioner extend time in which to pay an additional fee of $25. *nunc pro tunc* as of the date of filing the Opposition. We are in accord with the Commissioner's interpretation of 15 U.S.C. § 1113 [1] that a separate fee of $25. for each class opposed must accompany the opposition. We disagree, however, that

---

1. Section 3(a) of Pub.L. 89–83, 79 Stat. 259 (An Act to fix the fees payable to the Patent Office, and for other purposes), effective October 24, 1965, amended 15 U.S.C. § 1113 to read, *inter alia,* "[o]n filing opposition or application for cancellation for each class, $25." Noth-

ing in S.Rep.No. 301, 89 Cong., 1st Sess. (1965) would indicate that this change in wording sought an increase over the former section in fees payable where an opposition was made against a plurality of classes. See U.S.Code Cong. & Ad.News (1965) at 1644.

the Commissioner is without authority to accept an additional opposition fee *nunc pro tunc* as requested by Petitioner-Opposer.

## OPPOSITION FEES

Contrary to plaintiff's contention, the "plain and clear" language of 15 U.S.C. § 1113 (the fee for "filing notice of opposition * * * [is] $25") does not answer the question of the proper fee to be paid to oppose a mark applied for in more than one class, although in the same application. Sections 1113, 1112, 1063, 1062 of Title 15, U.S.C. are to be construed *in pari materia*. Prior to the 1962 amendment (Pub.L. 87–772, § 16, 76 Stat. 773) to 15 U.S.C. § 1112, a single application to register a mark in a plurality of classes could not be filed. See 37 C.F.R. § 2.87 and 37 C.F.R. §§ 2.82, 2.88. The applicant wishing to register a mark in two classes would pay $50.; the opposition fees thereto were also $50. It cannot be maintained that the intentional impact of the 1962 amendment to § 1112, permitting the filing of a single application for plurality of classes (but yet preserving a "fee equaling the sum of the fees for filing an application in each class"), was to upset the *status quo ante* with respect to opposition fees by reducing them.[2] Plaintiff's argument, in effect, is that a notice of opposition is a notice of opposition, and the charge therefor is $25. Nonetheless, opposition fees have reference to what is being opposed; on the papers before us it would appear immaterial for purposes of opposition charges that a single physical application, in contrast to previously requiring several, may now (the language of § 1112 is merely permissive) contain a request for registration in a plurality of classes.

We should observe that our reading of 15 U.S.C. § 1113, subjects it to two interpretations. While the Commissioner might well have issued an interpretative ruling (compare with a legislative rule, 1 Davis, Administrative Law, § 5.03) and published same in the Federal Register, 5 U.S.C. § 1002(a) (3); 1 Davis, Administrative Law § 6.13; Newman, Government and Ignorance—A Progress Report on Publications of Federal Regulations, 63 Harv.L.Rev. 929 (1950); see also Helvering v. Wilshire Oil Co., 308 U.S. 90, 102, 60 S.Ct. 18, 84 L.Ed. 101 (1939), failure to do so, although limiting the weight to be given the agency interpretation, cannot deprive a congressional enactment of effect.[3] See Woods v. Benson Hotel Corp., 75 F. Supp. 743, 748 (D.Minn.) affirmed on other grounds, 168 F.2d 694 (8 Cir. 1948). Cf. 5 U.S.C. § 1003(a) (3).

Accordingly, we support the Commissioner's holding that the required opposition fees are $50.

## EXTENSION OF TIME

Petitioner-Opposer filed a petition on March 23, 1965 seeking an extension of sixty days within which to file a verified opposition, but permission was granted only to April 26, 1965. A single opposition fee of $25. was paid on that date, instead of $50 which was the required amount to oppose in two classes. The Commissioner held in substance that he could not accept an additional opposition fee after April 26, 1965 *nunc pro tunc*, because it was a statutory requirement (15 U.S.C. § 1063) that the fee be submitted with the opposition. Yet, had the Commissioner in his discretion seen fit to extend the April 26, 1965 deadline to file, he could have done so and payment of the required fee could properly have been accepted after this date. We cannot

2. On legislative history see 2 U.S.Code Cong. & Ad.News (1962) at 2850.

3. Even where prior publication in the Federal Register is required to effectuate a regulation, though not the case here, actual notice of the regulation would cure the agency failure to publish. The mark that plaintiff seeks to oppose was printed in the Official Gazette on February 23, 1965 at page TM 124. The top of page TM 124 bears the notice: "A separate fee of twenty-five dollars for each class opposed must accompany the opposition."

agree as could not the Court in Marzall v. Libby, McNeill & Libby, 88 U.S.App. D.C. 277, 188 F.2d 1013, 1015 (1951) that "[15 U.S.C. § 1063] imposes an ironclad and invariable 'jurisdictional' rule." See N. L. R. B. v. Monsanto Chem. Co., 205 F.2d 763 (8 Cir. 1953); Dayton Power & Light Co. v. F. P. C., 102 U.S. App.D.C. 164, 251 F.2d 875, 877 (1957); see also 37 C.F.R. § 2.117 and Rule 6, F.R.Civ.P.

We therefore hold that the Commissioner has the power to excuse late payment where good cause is shown even though the time for filing the opposition is not extended.

Accordingly, the case is remanded to the Commissioner to afford him opportunity to exercise his discretion in ruling upon plaintiff's application to pay an additional $25. towards the total requisite fee.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.

