**STATLER DISTRIBUTORS, Inc., v. ALEXANDER, District Supervisor, Alcohol Tax Unit.**

No. 3974.

Circuit Court of Appeals, First Circuit.

March 14, 1945.

Joseph P. Rooney, of Boston, Mass., for petitioner.

Herbert Borkland, Special Asst. to the Atty. Gen., for respondent.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

The pending petition was filed pursuant to § 4(h) of the Federal Alcohol Administration Act, 49 Stat. 977, 27 U.S.C.A. § 204(h), to review and set aside an order of the District Supervisor, First District, of the Alcohol Tax Unit, Bureau of Internal Revenue, Treasury Department, dated December 29, 1943, denying petitioner's application for a basic permit.

We are obliged to grant respondent's motion to dismiss the petition for lack of jurisdiction, on the ground that the petition was untimely filed.

Under § 4(f) of the Act, orders denying such applications shall be served (1) in person by a designated officer or employee, or "(2) by mailing the order by registered mail, addressed to the applicant * * * at his last known address in the records of the Administrator." Section 4(h) provides that a petition for review of such order may be filed in the appropriate Circuit Court of Appeals "within sixty days after the entry of such order."

The crucial phrase "entry of such order" is not defined in the Act. It has reference to official action of an administrative officer, who is not required either by the Act or by applicable regulations to keep a

docket book or other comparable record. Therefore, little help is afforded by decisions defining what constitutes the "entry" of a judgment under statutes regulating appeals from judgments of a court.

Section 4(b) of the Act provides that if upon examination of any application for a basic permit the Administrator has reason to believe that the applicant is not entitled to it, he shall so notify the applicant and, if requested by the applicant, shall afford him due notice and opportunity for hearing on the application. The power to act on such applications has been delegated to the various District Supervisors of the Alcohol Tax Unit.

It appears from an affidavit by respondent attached to his motion to dismiss that the following is his office procedure with reference to handling applications for basic permits:

"5. Whenever he issues a notice of contemplated denial of a basic permit under Section 4(b) or a notice instituting proceedings to suspend, revoke, or annul a basic permit under Section 4(e) of the Act, there is assigned to the proceeding a 'Docket Number'. Proceedings are assigned consecutive numbers.

"6. Each proceeding under Section 4(b) or 4(e) of the Act is assigned a folder on the exterior surface of which is placed the name of the person or persons named as the respondents in the administrative proceedings and the 'Docket Number' assigned to the proceeding, and in which is placed all documents, correspondence, orders, etc., relating to the proceeding. These folders are placed and kept in a file cabinet in numerical order.

"7. For each proceeding under Section 4(b) or Section 4(e) there is kept an index card. On this index card there is placed the name and address of the respondent in the proceeding and the 'Docket Number' which has been assigned to the proceeding. There is then made on the card a notation describing his initial action commencing the proceedings and the date on which it was taken. Additional notations are made on the card as the proceedings progress. Notations are not always made of all orders or other acts. In general, such notations are made as will be of assistance in quickly reviewing the principal facts of the proceedings. The usual and regular practice is to make such notations on the day an order is made or an act takes place. This practice is followed as a matter of general office routine but respondent has given no specific instructions that it be followed and it is not followed in all cases. No record is made of the date when the notation is placed on the card. The card is in no way regarded as a docket book or record, but as an index to the folders in the file and a summary of the principal facts of the proceedings."

In this case, subsequent to the statutory hearing on the application, respondent's order denying the application was signed and issued on December 29, 1943. A copy of the order, a copy of the testimony adduced at the hearing, a copy of the findings on which the order was based, and a covering letter, were transmitted by respondent on December 29, 1943, by registered mail, return receipt requested, to petitioner's president and counsel of record. It appears from a notation on the return receipt card that this copy of the order, and the other documents, were received by petitioner's president and counsel on December 30, 1943. The petition for review was filed in this court on February 29, 1944.

Without undertaking to give a comprehensive interpretation of the statutory phrase "entry of such order", it suffices for this case to hold that the order of denial has at least been entered, within the meaning of § 4(h), when it has been signed and placed in respondent's files as a completed act, and the copy of the order, forwarded to the applicant by registered mail pursuant to § 4(f), has actually been received by the applicant. Whether anything less would amount to an entry of the order it is not necessary now to decide. Certainly the applicant is not entitled to a period of more than 60 days after receiving actual notice of the definitive order denying his application. Here the petition for review was filed 61 days after the applicant had received such notice.

Petitioner suggests a wholly novel interpretation of the phrase "entry of such order". In its memorandum in opposition to the motion to dismiss it says:

"As indicated above, 'entry' involves the making or completing of a record. The completion of the record which occurs when respondent prepares and files with the papers the certificate of mailing and receives and files with the papers the return receipt card, either signed or with notation of attempted delivery, may well be the 'entry' contemplated by the Act. The certificate in this case indicates that the re-

quired certificate of mailing was never filed and the return receipt card was not received by the respondent until December 31, 1943."

Such could hardly have been the meaning of Congress for, as above indicated, § 4(f) of the Act does not require a return receipt when the copy of the order is forwarded to the applicant by registered mail. It is true, as petitioner points out, that the applicable regulations, found in Treasury Decision 5039, (approved February 12, 1941; 6 F.R. 950), contain the following provision:

"(f) Citations, notices of disapproval of application, notices of hearing, orders, and all documents, other than subpoenas, served in proceedings under this section, shall be served in person by any officer, employee or agent of the Treasury Department, or by registered mail (with request for registry return receipt card post-office Form 3811) to the last known address in the records of the Alcohol Tax Unit. A certificate of mailing and the registry return card (post-office Form 3811), or a certificate of personal service, shall be filed as part of the record in each case."

The administrative routine so prescribed by regulation is obviously desirable for the purpose of having at hand evidence that the copy of the administrative order was actually received by the applicant; but there is nothing in the quoted regulation to indicate that the filing of the signed registry return card is to be regarded as the formal act of entering the order within the meaning of § 4(h).

The petition will be dismissed for lack of jurisdiction.