**MICHIGAN CONSOLIDATED GAS CO. v. FEDERAL POWER COMMISSION (PANHANDLE EASTERN PIPE LINE CO., Intervenor).**

No. 9718.

United States Court of Appeals District of Columbia.

Argued March 15, 1948.

Decided March 25, 1948.

Messrs. William Bradford Ross, General Counsel, Federal Power Commission, of Washington, D. C., and Robert L. Russell, Federal Power Commission, of Washington, D. C., for respondent.

Mr. Robert P. Patterson, of New York City, with whom Messrs. John S. L. Yost, of New York City, and John W. Scott and Harry S. Littman both of Washington, D. C., were on the brief, for intervenor, Panhandle Eastern Pipe Line Company.

Messrs. Donald R. Richberg and Charles V. Shannon, both of Washington, D. C., with whom Mr. Stanley Malcolm Morley, of Washington, D. C., was on the brief, for petitioner.

Before EDGERTON and PROCTOR, Associate Justices, and MORRIS, District Judge sitting by designation.

PER CURIAM.

■ The petition asks us to review, and to set aside in part, a Federal Power Commission order of November 2, 1945, which fixed rate schedules for natural gas sold to the petitioner by Panhandle Eastern Pipe Line Company; and also to review and set aside a Commission order of October 8, 1947, which dismissed petitioner's application for rehearing. Since neither the petition for review nor the application for rehearing was filed within the time allowed by the Natural Gas Act, 52 Stat. 821, 831, Sec. 19, 15 U.S.C.A. § 717r, we lack jurisdiction to review these orders.

■ The petition also asks us to review and set aside recent statements of the Commission to the effect that the 1945 order has a designated meaning, that petitioner and the Pipe Line Company have violated it, and that the Commission plans "to proceed in accordance with the legal remedies available to it under the Natural Gas Act to enforce compliance." These statements of the Commission are not orders within the reviewing authority that Congress has conferred upon appellate courts. What the 1945 order means, and whether petitioner has violated it, are questions not for this court but for the District Court in which the Commission may attempt to enforce the order.

The Commission's motion to dismiss the petition for review is therefore granted.

Petition for review dismissed.