**TEXAS–OHIO GAS CO. v. FEDERAL POWER COMMISSION et al.**

**No. 11851.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 17, 1953.

Decided Oct. 15, 1953.

Mr. Robert E. Freer, Washington, D. C., for petitioner.

Mr. Willard W. Gatchell, Washington, D. C., for respondent.

Mr. Jerome J. McGrath, Washington, D. C., also entered an appearance for intervenors.

Before BAZELON, FAHY and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

The Texas-Ohio Gas Company filed a petition in this court to review a determination of the Federal Power Commission. The respondent Commission now moves to dismiss the petition on the ground that it was not filed in time and that therefore this court has no jurisdiction in the cause.

The petition for review was filed pursuant to Sections 19(a) and (b) of the Natural Gas Act, 52 Stat. 831, 15 U.S.C.A. § 717r(a, b). Those sections provide in pertinent part:

"(a) Any person, State, municipality, or State commission aggrieved by an order issued by the Commission in a proceeding under this chapter to which such person, State, municipality, or State commission is a party may apply for a rehearing within thirty days after the issuance of such order. * * * Unless the Commission acts upon the application for rehearing within thirty days after it is filed, such application may be deemed to have been denied. * * *

"(b) Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the circuit court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part. * * * * "

It appears that on February 20, 1953, the Commission issued an order which in substance denied certain applications filed by the Texas-Ohio Gas Company for a certificate of public convenience and necessity pursuant to Section 7(c) of the Natural Gas Act, 15 U.S.C.A. § 717f (c), and for other relief. On March 19, 1953, the Gas Company filed an application for rehearing of that order. No formal action was ever taken by the Commission in respect of the application. On April 20, 1953, the attorney for the Gas Company made inquiry of the Acting Secretary of the Commission— apparently by telephone—"as to whether action had been, or would be, taken on the application, and when." This was thirty-two calendar days after the filing of the application for rehearing; the thirtieth day had fallen on the preceding Saturday, April 18, a day when the offices of the Commission were closed. The Acting Secretary is alleged to have stated that the application might be deemed denied as of that day, i. e., April 20.[1] The Gas Company filed its petition for review in this court on June 18, 1953. This was fifty-nine days after April 20, but sixty-one days after April 18.

The Commission contends that under the language of Section 19(a) it must be deemed to have issued on April 18 an order denying the application for rehearing, and that hence petitioner did not file here within the sixty-day period set by Section 19(b). The literal terms of Section 19(a), however, are that the application *may* be deemed to have been denied, not that it must be. The primary intent evidently was to permit an appeal to the courts by a disappointed litigant as soon as thirty days have passed, without waiting longer for the

---

1. The Gas Company says that when inquiry was made "at first it was stated that the application was not on the agenda, but later on the same day [April 20], its Counsel was informed by the Commission's Acting Secretary that the Application might be deemed to have been denied as of that date * * *."

Commission to act on his application for rehearing. The Commission says that it has power to take action——either adverse or favorable to the applicant—after the thirty-day period has passed. If that is so—and we see no reason to the contrary—the Commission could take action as much as 100 or 200 days later. In such a case, under the Commission's interpretation, the time for appealing to the courts would have passed. We think that to be an unreasonable result.

We are informed that the Commission does not, in many if not most cases where a petition for rehearing is to be denied, enter any formal order. This practice of the Commission, which is not revealed or stated in its published rules, appears subject to criticism. The Natural Gas Act, in Section 19(b), seems to contemplate—though it does not in terms require—that a formal order be issued, granting or denying an application for rehearing. And the Administrative Procedure Act, in Section 6(d), requires that administrative agencies give "prompt notice * * * of the denial in whole or in part of any written application, petition, or other request of any interested person made in connection with any agency proceeding." 5 U.S.C.A. § 1005(d). That section does not, in terms, speak of a formal order. But it does require that notice be given. Perhaps such notice could be sufficiently supplied by a published regulation of general applicability—one, for example, stating that on the thirtieth day after the filing of an application for rehearing the application shall be deemed denied, with the same force and effect as if a formal order had been entered. Compare Marzall v. Libby, McNeill & Libby, 1951, 88 U.S.App.D.C. 277, 188 F.2d 1013. But no such rule has been promulgated.

■ In the instant case, petitioner's counsel received notice on April 20th that the application had been denied. He says he was further informed that the application "might be deemed to have been denied as of that date." Be that as it may, he certainly was never informed that the petition had actually been denied at an earlier date—if in fact it was—or that the Commission would deem it denied as of an earlier date. Under the circumstances, we think that a petition filed within sixty days of April 20th satisfied the requirements of the statute. See Statler Distributors v. Alexander, 1 Cir., 1945, 148 F. 2d 74, 75.

■ This conclusion should not be taken to mean that a litigant can wait indefinitely for the Commission to act. As a practical matter, a stage will be reached at which it should become amply clear that the Commission has in fact denied the application for rehearing. Before that point arrives the applicant should "ascertain by inquiry whether the [Commission] has acted." See United States v. Michel, 1931, 282 U.S. 656, at page 659, 51 S.Ct. 284, at page 285, 75 L.Ed. 598. This court will not countenance the revival of stale claims by litigants who have failed to pursue their remedies with due diligence. See Skowhegan Savings Bank v. Securities and Exchange Commission, 1952, 91 U.S. App.D.C. 388, 391, 201 F.2d 702, 705.

Motion denied.