**DISTRICT OF COLUMBIA, Petitioner,**

v.

**GENERAL FEDERATION OF WOMEN'S CLUBS, Incorporated, Respondent.**

**No. 13736.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 25, 1957.

Decided Oct. 17, 1957.

Mr. Henry E. Wixon, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Owen J. Malone, Asst. Corporation Counsel, were on the brief, for petitioner.

Mr. Henry M. Fowler, Washington, D. C., with whom Mr. Leslie B. Wright, Washington, D. C., was on the brief, for respondent.

Before EDGERTON, Chief Judge, and PRETTYMAN and DANAHER, Circuit Judges.

PER CURIAM.

H. R. 8493, 84th Cong., was passed by the House of Representatives on March 26, 1956, and by the Senate on June 20, 1956. When approved by the President on July 2, 1956, as Private Law 737, 70 Stat. A108, the legislation declared that certain defined property of the respondent "is hereby exempt from all taxation." While the intent of Congress is clear, the Act is silent as to liability for taxes which might have accrued prior to its approval by the President. On that account, the District of Columbia asserted tax liability in respect of respondent's real estate for the fiscal year 1957, which commenced on Sunday, July 1, 1956.

It is true that the fiscal year of the District of Columbia commences, annually, on the first day of July, D.C.Code, § 47–101 (1951), and that Congress has "levied for each and every fiscal year, a tax * * *." D.C.Code, § 47–501 (1951). However the latter section expressly provides that the tax is levied only on such real and personal property

**504**

as is "subject to taxation," so that no tax is levied on exempt property. The statutory scheme clearly treats of real property "subject to be listed for taxation in the District of Columbia," D.C. Code, § 47-706 (1951), subject to review, D.C.Code, § 47-708, and "The valuation of said real property made and equalized as aforesaid shall be approved by the Commissioners not later than July 1, annually, and when approved by the Commissioners shall constitute the basis of taxation for the next succeeding year * * *." D.C.Code, § 47-709 (1951). In like manner "Annually, on or prior to July 1 of each year, the board of assistant assessors shall make a list of all real estate which shall have become subject to taxation and which is not then on the tax list * * *." D.C.Code, § 47-710 (1951).

■ Had the President signed the Act on June 30, 1956, there would have been no question here. Since the Commissioners were empowered to approve the list "on or before July 1st," it is clear that they might have done so on July 1st. Since July 1st was a Sunday they might have exercised their function on July 2. Sunday was a *dies non* "and a power that may be exercised up to and including a given day of the month may generally, when that day happens to be Sunday, be exercised on the succeeding day." Street v. United States, 1890, 133 U.S. 299, 306, 10 S.Ct. 309, 33 L.Ed. 631; cf. Sherwood Bros. v. District of Columbia, 72 App. D.C. 155, 113 F.2d 162 (D.C.Cir.1940). Thus, throughout the entire day of July 2, 1956, the very day the President approved the legislation, the Commissioners could have acted to recognize the exemption from taxation which had been so accorded.

■ It follows that the property of the respondent was not "subject to taxation" and the decision of the District of Columbia Tax Court is

Affirmed.

EDGERTON, Chief Judge, concurs in the result.