The **DAYTON POWER AND LIGHT COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent,**

**Ohio Fuel Gas Company, Intervenor.**

**No. 13565.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 24, 1957.

Decided Dec. 12, 1957.

Petition for Rehearing Denied
Jan. 10, 1958.

Messrs. Julian de Bruyn Kops and Roy D. Boucher, Dayton, Ohio, for petitioner. Mr. Frederick C. Wellington, Dayton, Ohio, also entered an appearance for petitioner.

Mr. Howard E. Wahrenbrock, Solicitor, Federal Power Commission, with whom Messrs. Willard W. Gatchell, Gen. Counsel, Federal Power Commission, and C. Louis Knight, Atty., Federal Power Commission, were on the brief, for respondent.

Mr. E. H. Laylin, Columbus, Ohio, of the bar of the Supreme Court of Ohio, pro hac vice, by special leave of Court, with whom Mr. John Peyton Randolph, Washington, D. C., was on the brief, for intervenor.

Before WILBUR K. MILLER, DANAHER and BASTIAN, Circuit Judges.

DANAHER, Circuit Judge.

The Dayton Power and Light Company became a party by intervention before the Commission and has sought review of the order under consideration. Both the Commission and intervenor have filed motions to dismiss Dayton's petition on

the ground that Dayton had not made timely application for rehearing. The order was issued June 29, 1956. It is claimed that Dayton's application was not "filed" until August 2, 1956, and for that reason was rejected by the Commission.

■ Section 19(a) of the Natural Gas Act (15 U.S.C.A. § 717r) provides that a party such as Dayton may apply for rehearing "within thirty days after the issuance of such order," and that no proceeding to review "shall be brought" unless an application for rehearing shall have been made. It is certainly so that our jurisdiction depends upon compliance, and § 19(b) expressly precludes our consideration of any objection to the Commission's order unless that objection shall have been urged before the Commission in an application for rehearing.[1] The purpose of the requirement is clear, logical and compelling, for, properly sought, the administrative judgment when expressed may make unnecessary further judicial proceedings.[2] "Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice."[3]

Section 16[4] of the Act authorizes the Commission to prescribe needful rules and regulations, pursuant to which the Commission's "Rules of Practice and Procedure" were promulgated. Rule 1.-15(b)[5] particularly pertinent here, reads:

"*Copies. Except as may be otherwise required by the rules or regulations of the Commission, or ordered or requested* by the Commission, at the time pleadings, documents, or other papers other than correspondence, are filed with the Commission, there shall be furnished to the Commission an original and 19 conformed copies of such papers and exhibits, if any; *Provided, however,* When service is made by the parties, or service is not required to be made, only an original and 14 conformed copies need be filed. * * *" (Emphasis supplied.)

■ With the foregoing in mind, we turn to the facts of record. Dayton prepared its application for rehearing and on July 27, 1956, mailed the original and 14 copies to the Commission, pre-

---

1. F.P.C. v. Colorado Interstate Gas Co., 1955, 348 U.S. 492, 498–500, 75 S.Ct. 467, 99 L.Ed. 583; Panhandle Eastern Pipe Line Co. v. Federal Power Comm., 1945, 324 U.S. 635, 649 et seq., 65 S.Ct. 821, 89 L.Ed. 1241; Memphis Light, Gas & Water Div. v. Federal Power Comm., 1957, 100 U.S.App.D.C. 205, 243 F.2d 628; and timely filing, when mandatory, is jurisdictional. Bradley v. Pace, 1950, 87 U.S.App.D.C. 11, 183 F.2d 806; Michigan Consolidated Gas Co. v. Federal Power Comm., 1948, 83 U.S.App.D.C. 395, 167 F.2d 264.

2. Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 767, 67 S.Ct. 1493, 91 L.Ed. 1796.

3. United States v. L. A. Tucker Truck Lines, 1952, 344 U.S. 33, 37, 73 S.Ct. 67, 69, 67 L.Ed. 54.

4. 15 U.S.C.A. § 717o; we have no doubt as to the Commission's power and authority to act hereunder. Cf. Mississippi River Fuel Corp. v. Federal Power Comm., 3 Cir., 1952, 202 F.2d 899, 901. Of course the Commission's Rules are applicable only to the extent that a "contrary rule is not prescribed by statute." Sherwood Bros. v. District of Columbia, 1940, 72 App.D.C. 155, 157, 113 F.2d 162, 164. The Commission's rules recognize that any "applicable statute" must control. See Rule 1.14(a) and (b).

5. Clearly this is a procedural rule. We may assume it was adopted not only as a matter of convenience but to make possible division of duties among the staff in the administration of the Commission's burden under the Act. Obviously jurisdiction may not be waived, yet the Commission's rule contemplates that a filing "may be otherwise required by the rules or regulations * * * or ordered or requested by the Commission * * *." The Commission, e. g., might order that a filing of six—or any other number—instead of fifteen copies meets its requirement in a given case.

cisely as specified by Rule 1.15(b). On the same day Dayton mailed a single copy of the application to the Commission's General Counsel, which was received by him July 30, at the offices of the Commission. This was in time under the Rule since July 29, 1956, which was the last day for filing, fell on a Sunday.[6] So far as the command of the *statute* goes, Dayton's application was timely.[7] But the original application and 14 copies thereof, although mailed by Dayton at the same time it mailed the copy to the General Counsel, did not reach the Commission until August 2. The delay was due to the fact that through clerical inadvertence in Dayton's office, the envelope addressed to the Commission was sent by 4th class mail.

The Commission was seasonably put on notice that Dayton sought rehearing when its General Counsel received a copy of the application; nevertheless on August 7, 1956, it returned the original and the 14 copies as having been "submitted beyond the 30-day period provided in section 19(a) of the Natural Gas Act." Dayton explained that the inadvertent 4th class mailing had caused the delay, but the Commission refused to reconsider its rejection of the papers. The Commission and Ohio Fuel argue that failure by Dayton within 30 days to fulfill the literal procedural requirement of the quoted Rule is, as a matter of law, a fatal jurisdictional defect.

■ We do not agree. Dayton met the command of the statute.[8] Within the jurisdictional statutory period its application reached the General Counsel of the Commission, the very official in charge of the proceedings in which Dayton was a party. Since the Commission had expressly retained authority in its rule to waive exact compliance with its own procedural requirement, it cannot oust itself of jurisdiction on the facts here shown.[9] We do not condone Dayton's laxity in failing to forward all papers on time.[10] We simply say we cannot hold the failure to meet the directive of this procedural rule is jurisdictional so that the neglect defeats Dayton's status as a party.

The motions to dismiss Dayton's petition must be denied.[11] The case will be remanded to the Commission, however, so that it may file, consider and rule upon Dayton's application for rehearing, and may also make any additional findings and enter any further order it may deem proper, in view of our Memphis and Lancaster decisions.[12]

So ordered.

6. Sunday is a dies non. District of Columbia v. General Federation of Women's Clubs, 1957, 101 U.S.App.D.C. 411, 249 F.2d 503.

7. Sherwood Bros. v. District of Columbia, supra note 4; and see Valley Broadcasting Co. v. Federal Communications Comm., 1956, 99 U.S.App.D.C. 156, 237 F.2d 784.

8. Cf. Lewis-Hall Iron Works v. Blair, 1928, 57 App.D.C. 364, 23 F.2d 972, where the papers were not received by anyone for the agency until the 61st day.

9. Cf. McCord v. Commissioner of Internal Revenue, 1941, 74 App.D.C. 369, 370, 123 F.2d 164, 165; Texas-Ohio Gas Co. v. Federal Power Comm., 1953, 93 U.S.App.D.C. 117, 207 F.2d 615; Marzall v. Libby, McNeill & Libby, 1951, 88 U.S.App.D.C. 277, 188 F.2d 1013.

10. Had no copies been received within the statutory period, a very different problem would be presented. Mere timely deposit in the mails is not sufficient even if the delay in delivery be only one day. Director of U. S. Bureau of Mines v. Three Fork Coal Co., 4 Cir., 1955, 222 F.2d 425, 426; Colvin v. Woods, 9 Cir., 1950, 180 F.2d 893, 894.

11. In view of our decision, Dayton's appeal No. 13593 is dismissed for mootness. Dayton there asked us to review the Commission's order denying Dayton's petition for rehearing of Dayton's petition to reopen the proceedings.

12. Memphis Light, Gas & Water Division v. Federal Power Commission, 1957, 102 U.S.App.D.C. ——, 250 F.2d 402; City of Lancaster, Ohio v. Federal Power Commission, 102 U.S.App.D.C. ——, 252 F.2d 631.