Gordon P. STREET and Gordon Street, Inc., Petitioners,

v.

FEDERAL POWER COMMISSION, Respondent.

No. 15274.

United States Court of Appeals District of Columbia Circuit.

Argued March 2, 1960.

Decided April 8, 1960.

Mr. Bryce Rea, Jr., Washington, D. C., for petitioners. Messrs. Donald E. Cross and Gordon A. Phillips, Washington, D. C., also entered appearances for petitioners.

Mr. Howard E. Wahrenbrock, Sol., Federal Power Commission, with whom Messrs. Willard W. Gatchell, Gen. Counsel, Federal Power Commission, W. Russell Gorman, Asst. Gen. Counsel, Federal Power Commission, and David J. Bardin, Atty., Federal Power Commission, were on the brief, for respondent.

Before Mr. Justice BURTON, retired,* and EDGERTON and DANAHER, Circuit Judges.

## PER CURIAM.

Petitioners bring for review certain rate orders of the Federal Power Commission. Section 19(b) of the Natural Gas Act provides that "No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in [an]· application for rehearing unless there is reasonable ground for failure so to do." 15 U.S.C.A. § 717r(b). In an application for rehearing, petitioners urged that the orders would subject petitioners to severe economic hardship and would give El Paso Natural Gas Company a "windfall". This was an appeal to the Commission's discretion. Petitioners did not contend, before the Commission, that it would be abusing its discretion or acting illegally if it denied relief.

But petitioners now urge that (1) the Commission "acted capriciously and arbitrarily and hence illegally by allowing Petitioners' rate changes to become effective on the date of their filing while refusing to allow them to become effective on the dates provided in Petitioners' contracts with El Paso Natural Gas Company", and (2) the Commission "was legally bound and erroneously refused to vindicate Petitioners' legal, equitable and contractual rights to recover the value of gas sold and delivered by them to El Paso Natural Gas Company." Since these objections were not urged before the Commission in an application for rehearing, and petitioners have not shown "reasonable ground for failure" to urge them before the Commission, we cannot consider them. The petition for review must therefore be dismissed for lack of jurisdiction. Federal Power Commission v. Colorado Interstate Gas Co., 348 U.S. 492, 497–500, 75 S.Ct. 467, 99 L.Ed. 583; Dayton Power & Light Co. v. Federal Power Commission, 102 U.S.App.D.C. 164, 251 F.2d 875.

Dismissed.

* Sitting by designation pursuant to § 294(a), Title 28 U.S.C.