284 F.2d 195
 109 U.S.App.D.C. 61
 E. V. PRESSENTIN and Fred J. Martin, Administrator of H. A.
Martin Estate, Appellants
v.
Fred A. SEATON, Secretary of the Interior, Ezra Taft Benson,
Secretary of Agriculture, et al., Appellees.
 No. 15581.
 United States Court of Appeals District of Columbia Circuit.
 Argued May 11, 1960.
Decided June 30, 1960.
 
 Mr. Charles S. Phyne, Washington, D.C., with whom Mr. Charles A. Dukes, Jr., Washington, D.C., was on the brief, for appellants.
 Mr. Hugh Nugent, Atty., Dept. of Justice, of the bar of the Supreme Court of Missouri, pro hac vice, by special leave of court, with whom Messrs, S. Billingsley Hill and Thomas L. McKevitt, Attys., Dept. of Justice, were on the brief, for appellees.
 Messrs. Roger P. Marquis, Claron C. Spencer and Robert S. Griswold, Jr., Attys., Dept. of Justice, also entered appearances for appellees.
 Before PRETTYMAN, Chief Judge, and DANAHER and BURGER, Circuit judges.
 PRETTYMAN, Chief Judge.
 
 
 1
 Appellants Pressentin and Martin[1] applied to the Bureau of Land Management for patents on certain mining claims they had located. A contest was instituted by the Regional Forester in Portland, Oregon, a representative of the Secretary of Agriculture. A hearing was held, and on January 3, 1957, a hearing examiner in the Bureau of Land Management found the claims invalid. Appellants sought to appeal to the Director of that Bureau; that was the next step in the regular administrative process. On January 30, 1957, in accordance with the rules of the Secretary of the Interior,[2] appellants timely filed their notice of appeal with the hearing examiner. This notice did not include a statement of the reasons for the appeal-- the equivalent, we are told, of a brief. On February 27th appellants mailed copies of this required document-- the statement of reasons-- to opposing counsel and to the hearing examiner in Portland and the Director in Washington, D.C., Appellants allege that through clerical inadvertence the statement was sent to Washington by regular mail instead of by air mail. The appellee Secretary alleges that the statement was stamped 'Received' by the Department in Washington on March 4, 1957. The hearing examiner and Government counsel in portland received thses copies before March 1st.
 
 
 2
 The Regulations of the Department of Interior on the point are:
 
 
 3
 '221.3 Statement of reasons; written arguments; briefs. if the notice of appeal did not include a statement of the reasons for the appeal, such a statement must be filed in the Office of the Director within 30 days after the notice of appeal is filed. Failure to file the statement of reasons within the time required will subject the appeal to summary dismissal as provided in 221.98.'[3]
 
 
 4
 The pertinent feature of this regulation is that failure to file the statement of reasons on time 'will subject the appeal to summary dismissal'. Filing the statement is not jurisdictional, if the notice of appeal has been properly filed. Failure to file the statement does not result in automatic dismissal; it 'subject(s)' the appeal to dismissal. This plain import of the regulation is that somebody will act to dismiss it.
 
 
 5
 The thirtieth day after January 30, 1957 (the date this appeal was filed) was March 1st, a Friday. The statement of reasons was mailed from Spokane, Washington, within the thirty days but was received in the Washington office of the Director after the thirtieth day; i.e., on the Monday after the critical Friday.
 
 
 6
 The Director, in a decision dated April 16, 1957, dismissed the appeal, without consideration of the merits, on the sole ground that the statement of reasons had been filed late. About a year later, on April 2, 1958, the Secretary affirmed this dismissal without consideration of the merits. Meanwhile, during that year's time, he (the Secretary) amended the rules of practice so that, under the new rule,[4] less than 10 days' delay in filing a statement 'will be' waived if the document 'was transmitted or probably transmitted' within the specified time. Thus, under the amended rule our appellants' appeal would not have been dismissed.
 
 
 7
 Our appellants filed a complaint in the District Court under the Administrative Procedure Act;[5] on cross-motions for summary judgment the trial court awarded judgment to the Secretary and the other governmental defendants. The sole issues before us are (1) whether the Secretary erred in his determination that the statement of reasons was not timely filed and (2) whether the Secretary abused his discretion in dismissing the appeal from the hearing examiner's decision. We do not have before us any issue concerning the merits of the claims to the patens.
 
 
 8
 Appellants' first contention is that their statement of reasons was, as a matter of law, timely filed. They seek to rely primarily upon Dayton Power and Light Co. v. Federal Power Comm'n.[6] We there held that the statutory requirement that an application for rehearing be made within 30 days after the issuance of an order by the Commission[7] was satisfied by the filing within the period of one copy with the Commission's General Counsel. A Commission rule required that one original and 14 copies be filed with the Commission. Dayton had mailed the required copies but, inadvertently, by forth-calss mail. Our appellants allege that the case at bar is very similar to Dayton Power. They claim that the receipt by the hearing examiner of a copy of the statement within the thirty-day period constituted substantial complicance with the rule and that this was enough since the filing of the statement is not jurisdictional. Therefore, they say, under the reasoning of Dayton Power, their statement was timely filed as a matter of law.
 
 
 9
 We must reject this contention. In Dayton Power the court decided only that the prerequisite jurisdictional requirements of the statute were fulfilled.[8] The Federal Power Commission rule there involved merely required filing with 'the Commission'; the General Counsel might be considered the Commission's agent under the circumstances.[9] Here the Secretary's rule explicitly required that the statement be filed in a specific office, that of the Director. Failure to comply made the appeal 'subject to summary dismissal'.
 
 
 10
 Prior to his action in this case the Secretary had ruled at least twice that filing the statement of reasons with some official in the field does not constitute a filing 'in the Office of the Director'.[10] We must give considerable weight to the Secretary's interpretation of his own rules. Since that interpretation is not unreasonable, arbitrary or capricious, we accept it.[11]
 
 
 11
 On the record before us we hold that the appellants' statement of reasons was not timely filed under the Secretary's rules. The plain facts of the matter are that the Office of the Director is in Washington, D.C., and that appellants' statement was not filed there within thirty days after January 30, 1957. It was in the course of being filed within that period, and it was actually physically there three days (one business day) after the crucial day. But the simple fact is that the statement was not filed as required by the regulation.
 
 
 12
 This brings us to the question whether the Secretary was arbitrary-- abused his discretion-- in dismissing the appeal. We repeat in order to emphasize. The appeal itself was timely filed; no jurisditional defect appears. The appeal was then dismissed; a decision to dismiss was made. The reason for the dismissal was failure to file on time a document which is the equivalent of a brief.
 
 
 13
 The features of the case pertinent to the discretion involved in the dismissal of the appeal are:
 
 
 14
 (1) The brief, or statement of reasons, was put in the mail in time to have reached Washington from Spokane within in the thirty days if it had been sent by air mail.
 
 
 15
 (2) If the Director had had an 'office' in Portland or thereabouts, the statement would have been received by him in time. The effect of the rule, applied literally, is to give people on the, west Coast less time to file such papers than is given people on the East Coast.
 
 
 16
 (3) An official in the Department other than the Director, i.e., the hearing examiner, actually received a copy of the statement within the specified time.
 
 
 17
 (4) The Secretary changed the rule before he decided this case. The sequence of events is noteworthy in a consideration of an exercise of discretion. Had the operative events occurred after the amendment to the rule, which occurred while this appeal was pending, appellants' appeal would have been considered on its merits.[12]
 
 
 18
 Certainly rules are made to be followed; that is the essence of the rule of law. But the rule now before us was not a peremptory rule.[13] It did not unequivocally provide that upon a late filing of the statement the appeal would be dismissed. It said that under such circumstances the appeal would be 'subject to' dismissal. It left the door wide open to a consideration of circumstances. The situation is a familiar one in the courts, where the timely filing of notices of appeals is jurisdictional and cannot be extended or excused,[14] but the timely filing of subsequent briefs is frequently excused, the time extended, and other measures taken to preserve the substance of the adjudicatory process.[15]
 
 
 19
 The factors we have listed add up to the inescapable conclusion that, discretion being implicit in the controlling rule, and no prejudice to any one being shown or even claimed, this appeal, having been timely filed, should not have been dismissed for a technical, excusable delay over one weekend in the filing of the supporting statement of reasons. The Secretary's own amendment of the rule is enough to show the basic merit in the equity of appellants' position. We hold that the Secretary abused his discretion, in a legal sense, in dismissing this appeal from the hearing examiner's report. Accordingly the judgment of the District Court will be reversed and the case remanded with directions to enter a judgment for appellants directing the Secretary to take such action as is necessary to comply with this opinion.
 
 
 20
 So ordered.
 
 
 
 [1]
 Our appellant Martin is administrator of the Martin involved in the proceedings in the Department of the Interior
 
 
 [2]
 43 C.F.R. 221.2
 
 
 [3]
 Id. 221.3. The pertinent portion of 221.98 is as follows:
 '221.98 Summary dismissal. An appeal to the Director or to the Secretary will be subject to summary dismissal by the officer to whom it is made for any of the following causes:
 '(a) If a statement of the reasons for the appeal is not included in the notice of appeal and is not filed within the time required; * * *.'
 
 
 [4]
 43 C.F.R. 221.92(b) (eff. Mar. 22, 1958): 'Whenever a document is required under this part to be filed within a certain time and it is not received in the proper office, as provided in paragraph (a) of this section, during that time, the delay in filing will be waived if the document is filed not later than 10 days after it was required to be filed and it is determined that the document was transmitted or probably transmitted to the office in which the filing is required before the end of the period in which it was required to be filed. Determinations under this paragraph shall be made by the officer before whom is pending the appeal or contest in connection with which the document is required to be filed * * *.'
 
 
 [5]
 60 Stat. 243 (1946), 5 U.S.C.A. 1009
 
 
 [6]
 102 U.S.App.D.C. 164, 251 F.2d 875 (D.C.Cir.1957)
 
 
 [7]
 Sec. 19(a), Natural Gas Act, 52 Stat. 831 (1938), as amended, 15 U.S.C.A. 717r(a)
 
 
 [8]
 Under Sec. 19(b) Natural Gas Act, 15 U.S.C.A. 171r(b), the court cannot entertain a petition for review unless the petitioner had timely sought rehearing
 
 
 [9]
 Cf. Stone v. District of Columbia, 99 U.S.App.D.C. 32, 237 F.2d 28 (D.C.Cir.), certiorari denied, 352 U.S. 934, 77 S.Ct. 221, 1 L.Ed.2d 160 (1956)
 
 
 [10]
 James V. A. Carter, A-27487 (Oct. 21, 1957); Wilbert Phillips, 64 I.D. 385 (1957)
 
 
 [11]
 Cf. McKenna v. Seaton, 104 U.S.App.D.c. 50, 259 F.2d 780 (D.C.Cir.), certiorari denied, 358 U.S. 835, 79 S.Ct. 57, 3 L.Ed.2d 71 (1958); Hammond v. Hull, 76 U.S.App.D.C. 301, 131 F.2d 23 (D.C.Cir.1942), certiorari denied, 318 U.S. 777, 63 S.Ct. 830, 87 L.Ed. 1145 (1943)
 
 
 [12]
 See note 4, supra
 
 
 [13]
 The Secretary appears to have admitted this. See E. V. Pressentin et al., A-27495 (Apr. 2, 1958): 'Although the case has not yet arisen, the Department will probably refrain from dismissing an appeal only in cases where due to circumstances completely beyond the control of the appellant, such as an unaviolable delay in the mails, a statement of reasons is not filed on time. In this case there is no extenuating circumstance.' Cf. George J. Patee et al., A-27694 (Oct. 30, 1958)
 
 
 [14]
 See e.g., United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)
 
 
 [15]
 Although Stone v. District of Columbia, supra note 9, is not strictly applicable to our problem in this phase of the case, the underlying reasoning of Judge Washington's opinion seems quite similar to the approach we here take