Amanda PRICE, Plaintiff,

v.

Stewart UDALL, as Secretary of the Interior, and Florence Emily Tagala, Defendants.

No. A–33–67.

United States District Court
D. Alaska.

Feb. 21, 1968.

Joseph Rudd, Ely, Guess, Rudd & Havelock, Anchorage, Alaska, for plaintiff.

Richard L. McVeigh, U. S. Atty. for Alaska, Anchorage, Alaska, for defendant Udall.

M. Ashley Dickerson, Anchorage, Alaska, for defendant Tagala.

MEMORANDUM OPINION
AND ORDER

von der HEYDT, District Judge.

This is an appeal from a decision of the Secretary of the Interior, affirming the summary dismissal of plaintiff's appeal from a cancellation of her homestead entry by a hearing examiner. The facts are as follows.

On February 28, 1964, plaintiff filed her Homestead Entry Final Proof. On May 11, 1964, defendant Tagala contested the final proof. On May 5, 1966, the hearing examiner cancelled plaintiff's homestead entry. This decision was served on plaintiff on May 9, 1966, from which date she had thirty days to appeal. She appealed on June 6, 1966, and transmitted her statement of reasons on July 7, 1966, thirty-one days after filing her

notice of appeal. On July 19, 1966, the Acting Chief, Office of Appeals and Hearings, Bureau of Land Management, dismissed plaintiff's appeal from the hearing examiner's decision, because the statement of reasons had not been mailed within thirty days after the notice of appeal, as required by regulation.[1] On September 6, 1966, plaintiff appealed this decision to the Secretary of the Interior, which appeal was dismissed on November 10, 1966, by the Assistant Solicitor for the Secretary of the Interior. Thereafter, defendant Tagala was awarded a preference right on December 8, 1966.

Plaintiff appealed to this court, claiming that the Secretary acted arbitrarily and capriciously.[2] She seeks reversal of his decision and a determination of the case on the merits. Defendants contend that the appeal was properly dismissed because the statement of reasons was not timely filed. Each party has moved for summary judgment.

■ The Department of the Interior, because of the number of cases which reach it for determination, has established certain limitations upon appeal. One is that a statement of reasons must be mailed within thirty days after filing of notice of appeal.[3] This regulation, on its face, is not unreasonable, nor is it inflexible.[4]

The Department, apparently without exception, summarily has dismissed appeals or statements of reason filed one day late.[5]

The Department's regulation does not provide that appeals *shall* be dismissed if the statement of reasons is not filed within the requisite thirty days; only

that an appeal "will be subject to summary dismissal." Under similar circumstances (a notice of appeal was timely filed, but the statement of reasons was not), the Court of Appeals, District of Columbia Circuit, held that

> discretion being implicit in the controlling rule, and no prejudice to any one having been shown or claimed, this appeal, having been timely filed, should not have been dismissed for a technical, excusable delay over one weekend in the filing of the supporting statement of reasons.[6]

It is uncontroverted that plaintiff expended a substantial amount of time, energy and money on the property. The record reflects, without serious challenge, that plaintiff cleared and cultivated the land during the years 1961, 1962, and 1963, and that she expended approximately $22,000.00 for improvements and clearing.

■ Although this court is reluctant to set aside a ruling predicated upon basic policy of the Secretary of the Interior, it must do so, if to affirm would perpetuate a manifest injustice. It is noted that although the statement of reasons was mailed on the 31st day—one day late —it was transmitted within sixty days after plaintiff received notice of the hearing examiner's decision.

In Gerhard Evenson [7] it was stated:
> the current rules relaxed the former requirements to the extent that the statement of ground need not be included in the notice of appeal but can be filed 30 days after notice of the appeal, thus in effect allowing 60 days after service of a copy of the Direc-

---

1. 43 C.F.R. 1842.5–1.

2. Administrative Procedure Act, 80 Stat. 393, 5 U.S.C. § 706(2) (A) (1966).

3. 43 C.F.R. 1840.0–7.

4. By regulation, it is provided that if, for reasons beyond the control of the claimant, the statement of reasons is not filed on time, but has been transmitted within the allowable period and is received within ten days thereafter, the appeal may be considered.

5. E. g., Malcolm v. Petrie, 67 I.D. 220 (1960); J. S. Devenny, A–30289 (August 1, 1964); Gerhard Evenson, 63 I.D. 331 (1956); Barbara M. Smott, 61 I.D. 337 (1954). The *Devenny* decision was upheld in Devenny v. Udall, June 22, 1966, W.D.Wash.

6. Pressentin v. Seaton, 109 U.S.App.D.C. 61, 284 F.2d 195, 199 (1960).

7. Supra note 5 at 332.

tor's decision for filing a statement of reasons.

Under the particular circumstances, this case must be remanded to the Director, Bureau of Land Management, for decision upon the merits.

The Secretary's action in affirming the summary dismissal of plaintiff's appeal, considering the special factors present here, is found to be arbitrary and capricious. To find otherwise would condone and continue a manifest injustice.

The cause is remanded, and

It is so ordered.