The **CALIFORNIA COMPANY,**
Petitioner,

v.

**FEDERAL POWER COMMISSION.**

**UNION TEXAS PETROLEUM,**
Petitioner,

v.

**FEDERAL POWER COMMISSION.**

**SINCLAIR OIL CORPORATION,**
Petitioner,

v.

**FEDERAL POWER COMMISSION.**

**SUN OIL COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION.**

Nos. 22658, 22670 and 22672.

United States Court of Appeals
District of Columbia Circuit.

March 12, 1969.

Messrs. Justin R. Wolf, and Joel Yohalem, Washington, D. C., were on the pleadings for petitioner in No. 22658.

Messrs. Charles E. McGee, and John T. Ketcham, Washington, D. C., were on the pleadings for petitioner in No. 22670.

Messrs. Louis Flax, and Stanley M. Morley, Washington, D. C., were on the pleadings for petitioner in No. 22672.

Messrs. Peter H. Schiff, Solicitor, and William H. Arkin, Atty., Federal Power Commission, were on the pleadings for respondent. Mr. Richard A. Solomon, Gen. Counsel, Federal Power Commission, also entered an appearance for respondent.

Before McGOWAN, TAMM and ROBINSON, Circuit Judges, in Chambers.

ORDER

PER CURIAM.

On consideration of respondent's motion to dismiss and of the responsive pleadings filed with respect thereto, it is

Ordered by the court that petitioners' petitions for review are dismissed for the reasons set forth in the attached opinion.

Circuit Judge TAMM did not participate in the foregoing order nor in the attached opinion.

PER CURIAM:

These are petitions for review of the Federal Power Commission's decision in *Area Rate Proceeding* (Southern Louisiana Area), issued September 25, 1968. Applications for rehearing were filed by petitioners and by many of the over 100 parties to the Commission proceeding. No ruling on the merits of the applications for rehearing has yet been rendered. Instead, the Commission "granted rehearing" on all applications in order to consider them together rather than seriatim. But the Commission was careful to note that its action "shall not be deemed a grant or denial of the applications on their merits in whole or in part. \* \* \*" This course of action was taken by the Commission in an effort to rebut the statutory [1] presumption that an application for rehearing is denied unless the Commission acts upon it within thirty days:

Unless the Commission acts upon the application for rehearing within thirty

1. 15 U.S.C. § 717r(a) (1964).

days after it is filed, such application may be deemed to have been denied. No proceeding to review any order of the Commission shall be brought by any person unless such person shall have made application to the Commission for a rehearing thereon.

It is the contention of some of the parties who were before the Commission that the statutory language quoted above requires the Commission to act on the merits of the applications for rehearing, at the least, within 30 days after the filing of the last application. And, so the argument runs, if the Commission fails to decide the merits within that time—as in this case—the case becomes ripe for judicial review, despite the fact that the parties and the court could not know what relief, if any, the Commission may be inclined to grant on rehearing. The Commission has taken the position that petitions for review filed prior to its decision on the merits of the applications for rehearing are premature, and has moved to dismiss. We agree, and have dismissed by order a prior petition identical to those involved in this case. Public Service Commission of New York v. Federal Power Commission, No. 22,520, order of January 21, 1969. The Third, Ninth and Tenth Circuits appear to have taken similar action.

Despite the agreement of several circuits on this point, the pendency of petitions for review of this administrative decision in numerous circuits has raised the possibility of a conflict among the circuits, and petitioners have sought to avoid possible prejudice should that occur by seeking review now. Thus it seems desirable for us to articulate our understanding of the applicable law in passing on the Commission's motions to dismiss these petitions for review as prematurely brought.

Petitioners' argument basically is that the statute, as a matter of plain mandate, requires the Commission to decide the applications for rehearing within 30 days. To insure that this will be done, it is argued, Congress provided that ap-pellate jurisdiction would attach upon the expiration of that period. But no strong reason is advanced why Congress would have wished to impose such a rigid strait jacket on the Commission, preventing it from giving careful and mature consideration to the multiple, and often clashing, arguments set out in applications for rehearing in complex cases such as this one. Nor is any reason suggested why Congress would wish to put courts in the awkward position of reviewing a decision which the agency for the best of reasons may be willing to alter. Petitioners suggest only that this limitation on the Commission corresponds to the 30 day limitation within which parties must file applications for rehearing.

The Commission, on the other hand, asserts that this provision was intended only to allow the Commission to deny applications for rehearing by silence, and the Commission has so treated the provision for many years. In Texaco-Ohio Gas Co. v. Federal Power Commission, 93 U.S.App.D.C. 117, 207 F.2d 615 (1953), this court had occasion to note the Commission's policy of denying petitions for rehearing by silence, relying on this section to set the date of denial. In that case the Commission asserted, and the court apparently agreed, that the Commission has power to act on applications for rehearing beyond the 30-day period so long as it gives notice of this intent, as it did in this case. *Id.*, at 118, 207 F.2d at 617. While this course of conduct is not dispositive, it does indicate a time honored interpretation of the section involved, worthy of judicial deference. *See, e. g.*, Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

We are presented with two interpretations of the 30-day provision, resting on fundamentally different assumptions of congressional purpose. None of the parties has cited relevant statutory history, and we have found none. We are thus faced with "a choice between uncertainties," and "must be content to choose the lesser." Burnet v. Guggenheim, 288 U.S.

280, 288, 53 S.Ct. 369, 77 L.Ed. 748 (1933). We are reluctant to impute to Congress a purpose to limit the Commission to 30 days' consideration of applications for rehearing, irrespective of the complexity of the issues involved, with jurisdiction then passing to the courts to review a decision which at that moment would profitably remain under active reconsideration by the agency. The Commission suggests that all Congress intended by the section in question was to establish a presumption from agency silence. And while this proposition is far from self-evident, it is the Commission's contention of long standing, and entitled to respect as such. We choose to follow the Commission's interpretation, for it avoids the administrative and judicial problems created by appellants' position without robbing the statute of all effect.

We hold that the applications for reconsideration are validly under consideration by the Commission past the 30-day period, and that the present petitions for review are prematurely filed and should be dismissed.

So ordered.