GENERAL AMERICAN OIL COMPANY
OF TEXAS, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

HUMBLE OIL & REFINING COMPANY
and Humble Gas Transmission Company, Petitioners,

v.

FEDERAL POWER COMMISSION,
Respondent.

FOREST OIL CORPORATION,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

AUSTRAL OIL COMPANY, Incorporated et al., Petitioners,

v.

FEDERAL POWER COMMISSION,
Respondent.

ESTATE OF WILLIAM G. HELIS,
a Partnership, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

J. R. FRANKEL, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

The SUPERIOR OIL COMPANY,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

BRADCO PROPERTIES, INC.,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

John W. MECOM et al., Petitioners,

v.

FEDERAL POWER COMMISSION,
Respondent.

E. COCKRELL, Jr., Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

TENNECO OIL CO., Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

Nos. 27210, 27214–27216, 27226, 27227,
27233, 27238–27240, 27244.

United States Court of Appeals
Fifth Circuit.

March 19, 1969.

Cecil E. Munn, Ft. Worth, Tex., for General American Oil Co. of Texas.

Martin N. Erck, J. Kirby Ellis, Robert L. Norris, Jr., Houston, Tex., for Humble Oil & Refining Co. and another.

Richard F. Generally, Washington, D. C., C. R. Eyster, San Antonio, Tex., for Forest Oil Corp.

Morris Wright, New Orleans, La., for Helis' Estate.

H. H. Hillyer, Jr., New Orleans, La., for Frankel.

Murray Christian, Herbert W. Varner, Houston, Tex., Frank P. Saponaro, Jr., Washington, D. C., for Superior Oil Co.

Neal Powers, Jr., Houston, Tex., for Bradco Properties, Inc., and others.

John E. Watson, Houston, Tex., for Tenneco Oil Co.

Peter H. Schiff, Sol., F. P. C., Richard A. Solomon, Gen. Counsel, F. P. C., Washington, D. C., for respondent.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM.

The Federal Power Commission seeks dismissal of these cases filed by petitioners for review of Opinion No. 546, Area Rate Proceeding (Southern Louisiana Area), Docket No. AR61–2, issued by the FPC on September 25, 1968. The FPC contends that it issued an order on October 23, 1968,[1] granting a rehearing on this opinion and, therefore, these appeals are premature. As we understand petitioner's position, they are concerned that dismissal of these actions would cause appeals filed after the FPC acts on the merits of the rehearing to be out of time. They base their concern on two ambiguities: (1) The FPC's order granting a rehearing was issued prior to their timely applications for a rehearing, and thus may not cover them. If this order did not cover them, their motions would be deemed denied under § 19(a) of the Natural Gas Act, 15 U.S.C. § 717r(a).[2] They

---

1. The FPC order stated, in pertinent part:

In reviewing the various petitions filed on different dates by numerous respondents in a consolidated area proceeding, it is obvious that it would greatly complicate the procedure to consider the applications on a seriatim basis. Such a course might well lead to the disposition of particular issues without the benefit of the presentation of all the parties. Not only will a possible source of confusion be eliminated by considering all petitions together, the orderly conclusion of the proceeding will be facilitated by a simultaneous disposition of the overlapping and, in some instances, mutually inconsistent points made in some instances, mutually inconsistent points made in the applications for rehearing of our Opinion and Order. Since the statutory period allowed under Section 19(a) for action on the first application for rehearing is insufficient to permit the consolidated consideration of all applications, we shall grant rehearing so that the applications for rehearing filed prior to the expiration of the statutory period,

can be considered and passed upon together. This procedure is the same as that followed in the *Permian Basin* case, 34 FPC 846.

2. 15 U.S.C. § 717r(a):

Any person, State, municipality, or State commission aggrieved by an order issued by the Commission in a proceeding under this chapter to which such person, State, municipality, or State commission is a party may apply for a rehearing within thirty days after the issuance of such order. The application for rehearing shall set forth specifically the ground or grounds upon which such application is based. Upon such application the Commission shall have power to grant or deny rehearing or to abrogate or modify its order without further hearing. Unless the Commission acts upon the application for rehearing within thirty days after it is filed, such application may be deemed to have been denied. No proceeding to review any order of the Commission shall be brought by any person unless such person shall have made application to the Commission for a rehearing thereon.

would then have had sixty days within which to file an appeal to this Court,[3] but that time has already elapsed. (2) Section 19(a) of the Natural Gas Act provides that the FPC must act on an application for rehearing within thirty days. Petitioners fear that the term "act" may include disposition of the merits of the rehearing and since the FPC has not finally disposed of their applications within thirty days, the applications may be deemed denied for purposes of filing an appeal within sixty days to this Court.

◾ Our first inquiry, therefore, is to interpret the FPC's order granting rehearing to determine whether it covers petitioners' applications. Even though the order was issued prior to the petitioners' applications, we feel that it was meant to cover all applications filed before the expiration of the statutory period. Since the petitioners filed applications for rehearing within the statutory period, we construe the FPC's order as granting a rehearing on all the petitioners' applications.

◾ Secondly, we must construe § 19(a) of the Natural Gas Act. Section 19(a) provides that unless the FPC acts on a motion for rehearing within thirty days it will be deemed to have been denied. In this context, "act" may be construed as meaning (1) to grant or deny the motion (2) finally to dispose of the merits. We think the first construction is the more reasonable construction, and therefore, hold that the FPC has "acted" for purposes of § 19(a) by granting the rehearing. This construction has been adopted in the Third,[4] Ninth,[5] Tenth,[6] and D.C.[7] Circuits *sub silentio* by order.

◾ Since we interpret the FPC's order granting rehearing to cover petitioners' applications and since the FPC has not yet disposed of these applications, we must dismiss these appeals as premature.

It is ordered that respondents' motion to dismiss the appeal filed in the above styled and numbered causes is hereby

Granted.

---

Until the record in a proceeding shall have been filed in a court of appeals, as provided in subsection (b) of this section, the Commission may at any time, upon reasonable notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it under the provisions of this chapter. *See* Texas-Ohio Gas Co. v. F.P.C., 1953, 93 U.S.App.D.C. 117, 207 F.2d 615. *See also* 18 C.F.R. § 1.34(c):
Unless the Commission acts upon the application for rehearing within thirty days after it is filed, such application shall be deemed to have been denied.

3. 15 U.S.C. § 717r(b):
(b) Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part.

4. *See e.g.*, Freeport Sulphur Co. v. F.P.C., 3 Cir. No. 17,691 (Feb. 7, 1969).

5. Union Oil Co. v. F.P.C., 9 Cir. No. 23794 (Feb. 28, 1969).

6. Pan American Petroleum Corp. v. F.P.C., 10 Cir. No. 11–69 (March 3, 1969).

7. Public Service Comm'n of N.Y. v. F.P.C., D.C. Cir. No. 22437 (Dec. 5, 1969).