411 F.2d 589
 Florence Emily TAGALA, Appellant,
v.
Norman C. GORSUCH, Special Administrator of the Estate of
Amanda Price, Deceased, Appellee.
Stewart L. UDALL, as Secretary of the Interior, Appellant,
v.
Norman C. GORSUCH, Special Administrator of the Estate of
Amanda Price, Deceased, Appellee.
 Nos. 22832, 22833.
 United States Court of Appeals Ninth Circuit.
 May 28, 1969.
 
 M. Ashley Dickerson (argued), Anchorage, Alaska, for appellant Tagala.
 Robert S. Lynch (argued), Clyde O. Martz, Asst. Atty. Gen., Roger P. Marquis, Atty., Dept. of Justice, Washington, D.C., Marvin S. Frankel, U.S. Atty., Gerald J. Van Hoomissen, Asst. U.S. Atty., Anchorage, Alaska, for appellant United States.
 Joseph Rudd (argued), of Ely, Guess, Rudd & Havelock, Anchorage, Alaska, for appellee.
 Before HAMLEY, MERRILL and HUFSTEDLER, Circuit Judges.
 MERRILL, Circuit Judge:
 
 
 1
 By this suit appellee seeks to overturn a decision of the Secretary of the Interior (Tagala v. Price A-30715), canceling the homestead of his decedent (at the instance of contestant Tagala) as to certain land in the Kenai Peninsula in Alaska. The District Court remanded the matter to the Director of the Bureau of Land Management for hearing. Appeals have been taken both by the Secretary and by Tagala.
 
 
 2
 The action of the Secretary was based on a dismissal of the administrative appeal taken by appellee's decedent to the Director of the Bureau of Land Management from the decision of the hearing examiner. Dismissal was due to the fact that appellee's decedent was one day late in filing with the Director her statement of reasons in support of her appeal. Dismissal was entered pursuant to 43 CFR 1840.0-7 and 1842.5-1 which provide that failure to file a statement within 30 days of the taking of the appeal 'will subject the appeal to summary dismissal.'
 
 
 3
 It is conceded that the administrative practice has been to treat the rules as requiring dismissal in all cases of late filing (subject to certain exceptions not applicable here) and that this practice was followed here; that the Director and the Secretary felt that dismissal was required and that there was no room for the operation of discretion.
 
 
 4
 Appellee contends that the rule by its wording is not mandatory but calls for an exercise of discretion. Such was the holding in Pressentin v. Seaton, 109 U.S.App.D.C. 61, 284 F.2d 195, 199 (1960), where it is stated:
 
 
 5
 'Certainly rules are made to be followed; that is the essence of the rule of law. But the rule now before us was not a peremptory rule. It did not unequivocally provide that upon a late filing of the statement the appeal would be dismissed. It said that under such circumstances the appeal would be 'subject to' dismissal. It left the door wide open to a consideration of circumstances. The situation is a familiar one in the courts, where the timely filing of notices of appeals is jurisdictional and cannot be extended or excused, but the timely filing of subsequent briefs is frequently excused, the time extended, and other measures taken to preserve the substance of the adjudicatory process.'
 
 
 6
 Appellee contends that outright dismissal absent an exercise of discretion was therefore improper. We agree.
 
 
 7
 The District Court (as did the court in Pressentin) ruled that dismissal, under the circumstances of the case, would amount to an abuse of discretion and that the appeal should be heard by the Director on the merits. However, we do not regard the circumstances of this case as requiring as matter of law an exercise of discretion in favor of the late filing. Discretionary consideration then remains to be had and is the function of the Director and the Secretary rather than of the courts.
 
 
 8
 Judgment of the District Court is modified to provide that the matter be remanded to the Director of the Bureau of Land Management for an exercise of discretion upon the question whether the appeal should be dismissed or the late filing accepted.